THE STATE OF IOWA, Appellant, v. JOSEPH GRIM *et al.*, Appellees.

Intoxicating Liquors: NUISANCE: LIABILITY OF LEASED PREMISES. Where in an action in equity to enjoin one person from maintaining a nuisance upon certain described premises, by the illegal sale of intoxicating liquors thereon, the owner of said premises was made a party defendant, and it appeared that, although not a resident of the state, the said owner was served with original notice of the commencement of said action, and that he had an agent in the town where said premises were located, but that no effort was made by said owner or his agent to abate said nuisance, other than to serve a notice to quit upon the tenant keeping said nuisance, after which he was permitted to remain on said premises for some days and continue his illegal sales, *held*, that the owner was chargeable with notice of the maintenance of said nuisance upon his premises.

*Appeal from Winneshiek District Court.*—HON. L. O. HATCH, Judge.

SATURDAY, MAY 21, 1892.

THIS is an action in equity, under the statute, to enjoin the defendant Grim, owner, and defendant Murray, keeper, from maintaining a nuisance upon the premises in Decorah, described, by keeping for sale and selling intoxicating liquors therein, in violation of law, and for an abatement of said nuisance. Upon hearing, decree was entered against the defendant Murray as prayed, and it was further decreed that the plaintiff's petition be dismissed as to the defendant Grim, from which decree of dismissal the plaintiff appeals.—*Reversed.*

*John B. Kaye*, County Attorney, for the State.

*L. Bullis* and *George W. Adams*, for appellees.

GIVEN, J.—The only question involved in this appeal is whether the appellee, Grim, had knowledge

that his premises were being used for the keeping or selling of liquors in violation of law. The appellant contends that the appellee, Grim, had personal notice of that fact, and that one C. F. Schwartz was the agent of the defendant, with authority to care for and control the property, and to rent the same, and collect rents, and that said agent had knowledge of the unlawful use that was being made of the property. ·

The evidence fully supports the conclusion that the defendant Murray did keep for sale and sell intoxicating liquors in violation of law in said premises, at various times from February 15 to May 19, 1890. During all this time the appellee, Grim, resided in another state, and was not in Decorah during that period. The petition herein was filed March 13, 1890, and original notice thereof personally served on Mr. Grim on the twenty-ninth day of March, 1890, in Douglas county, Wisconsin, informing him that Murray was maintaining the place for the unlawful sale of intoxicating liquors, and that it was charged that he permitted the same. It appears that Murray was in possession under a lease from Schwartz, as agent of Grim, which lease was made March 24, 1890, for a term commencing January 17, and expiring May 1, 1890. It also appears that on April 25, 1890, Mr. Schwartz caused a notice to quit and surrender the premises within three days to be served upon defendant Murray. There is no evidence, other than the service of the original notice, that Grim had knowledge of the existence of the nuisance, and no evidence that he, in person or through his agent, took any steps to abate it than by serving the notice to quit. Murray was permitted to occupy the premises as late as May 9, and is shown to have kept and sold intoxicating liquors therein at that date. Upon the question of the appellee Grim's knowledge and acquiescence, we have these facts: On March 29, 1890, he was notified of this

action; that it was charged that Murray was maintaining a nuisance upon his premises with his (Grim's) permission, and that injunction was asked against them; that in truth Murray was then so using said premises, and continued to do so until May 9, following; and that the appellee made no effort, in person or through his agent, to abate the nuisance, except by serving a notice on Murray to quit the premises, and then permitting him to remain. There is evidence tending to show that the place was closed for a few days before May 9, but Murray's property remained there, and he operated the place and sold liquors on that day.

We think the reasonable conclusion from this evidence is that, from and after March 29 the appellee knew that Murray was using his premises for the unlawful sale of intoxicating liquors, He either knew the fact or was wilfully ignorant. Mr. Schwartz was the appellee's agent, with authority to rent the property, care for it, and collect rents. He resided in Decorah, and passed the place daily in going to and from his home. Its general reputation was that it was a place where intoxicating liquors were sold, and Mr. Schwartz knew that Murray was prosecuted for selling liquors there. It is not necessary that we discuss the evidence at length; it is sufficient to say that it shows quite satisfactorily that Mr. Schwartz knew the use that Murray was making of the place, and made no honest effort to prevent it.

Our conclusion is that the decree of the district court dismissing the plaintiff's petition as to the appellee, Grim, should be reversed, and decree entered against him as prayed, and for costs. REVERSED.