STATE OF IOWA v. JAS. L. WILLIAMS *et al.*, Appellants.

**Liquor Nuisance: Notice to Landlord.** That a landlord having the right to terminate a lease if the premises are used unlawfully fails to exercise it for nearly two months after the tenants plead guilty to illegal sales of liquor therein, taken in connection with other facts tending to impart notice, will sustain a decree restraining the landlord from permitting further illegal sales and taxing him with costs and attorney's fees. (1)

SAME. The fact that the county could have prevented the continuance of the nuisance by enforcing the judgment on the plea of guilty, is no defense to the landlord. (1)

**Continuing Nuisance.** Where the petition charges that a nuisance is being continued, proof of matters subsequent to the verification of the petition are admissible. (2)

**Supplemental Plea: Discretion.** Where a decree is set aside, purely, because of being erroneously rendered in vacation, and a supplemental answer filed subsequently sets up no defense, striking such from the files, will not be interfered with. (3)

*Appeal from Marshall District Court.*—HON. J. L. STEVENS, Judge.

WEDNESDAY, MAY 9, 1894.

ACTION in equity for the abatement of a nuisance alleged to have been caused by keeping for sale, and selling, in premises described, intoxicating liquors, in violation of law. There was a hearing on the merits, and a decree from which defendants James L. Williams and H. E. J. Boardman appeal.—*Affirmed.*

*H. E. J. Boardman* for appellants.

*J. L. Carney* for the state.

ROBINSON, J.—When the transactions involved in this case occurred, the appellants were the owners of a certain lot, and building thereon, in the city of Mar-

shalltown. In March, 1891, the appellants leased to
Eno Ederhoff two rooms in the ground floor of the
building, for the term of one year from the first day of
the next May, for the agreed rent of eighteen dollars
per month. The lease provided that the premises
should be used for the purposes of a restaurant only, and
that no violation of the city ordinances or of the statutes
in regard to gambling and the suppression of intemper-
ance should be permitted. A failure to perform all the
conditions of the lease was made a ground for terminat-
ing it by giving three days' notice to quit. The tenant
took possession of the premises with his family, which
consisted of a wife and several small children. On the
fifth day of May he was imprisoned in the county
jail, and there remained until the thirty-first day of
July. On the seventh day of September, 1891, this
action was commenced. The petition alleges that the
defendant Mrs. Eno Ederhoff, the appellants, and their
agents, have established, and are keeping and main-
taining, in the leased premises a nuisance by keeping
therein intoxicating liquors, with intent to sell them in
violation of law, and by unlawfully selling them
therein. On the fourteenth day of September a tem-
porary injunction was allowed, as against Mrs. Eder-
hoff. On the twenty-seventh day of October the
appellants and their agent, C. E. Boardman, filed an
answer, in which they denied having in any way estab-
lished, kept, or abetted any nuisance on the premises,
and alleged, upon information, that Mrs. Ederhoff had
not been, and was not, keeping liquors for sale, as
charged and denied; and denying that she was or
had been maintaining a nuisance. On November 6
the cause was heard, as against Mrs. Ederhoff; and a
decree was rendered, granting a permanent injunction
against her. On the sixteenth day of the same month
the trial against the other defendants was commenced,
and ended, and the cause was taken under advisement

on the eighteenth. At the January term, 1892, it was continued, on submission, and on the nineteenth day of April a decree was rendered, in vacation, against all of the defendants but the agent. It appears that the decree was rendered at that time in consequence of a mistake of the court in regard to the agreement of parties, on which the cause was submitted. In May the appellants moved that the decree be set aside, and that another be then entered in their behalf. The decree was set aside in August. In September the appellants asked leave to file an amended and supplemental answer, which was filed with their motion for leave. The plaintiff moved to strike the answer thus filed, and on the same day the appellants applied for a continuance on the ground of the absence of a witness. The motion for leave to file the supplemental answer and the application for a continuance were overruled, the answer was striken from the files, and a decree was rendered for the plaintiff. The court adjudged that Mrs. Ederhoff had kept a nuisance, as charged, and that she had maintained it during the trial, and that the appellants had notice of the unlawful keeping for sale, and selling, of intoxicating liquors by her. They were enjoined from permitting the premises to be used for the unlawful sale of intoxicating liquors, and were required to pay an attorney's fee of twenty-five dollars and costs.

I. The evidence shows clearly that Mrs. Ederhoff sold beer in the premises during the summer of 1891, and until about the time the decree was rendered against her. On the seventh day of September, 1891, the grand jury returned an indictment against Mrs. Ederhoff, which accused her of the crime of nuisance, committed by keeping for sale, and selling, in the premises in controversy, intoxicating liquors, in violation of law. On the indictment were indorsed the names of thirteen witnesses. On the fourteenth day of

September she entered a plea of guilty, and was adjudged to pay a fine of three hundred dollars, an attorney's fee, and costs. The following was part of the judgment entry: "It appearing to the court that the defendant is in an advanced state of pregnancy, it is ordered that, on payment of costs, order of commitment will be stayed, subject to the direction of the county attorney, or order of court." The costs were paid. On the twenty-fourth day of October a considerable quantity of beer, in bottles was found in the premises. On the eleventh day of November the appellants served a notice to terminate the lease. On the third day of December, Mrs. Ederhoff gave birth to a child, and, twelve days later, the premises were vacated by Ederhoff and family.

We think the evidence fails to show that either appellant had any actual knowledge of the illegal business of Mrs. Ederhoff until after the commencement of this action. The beer was not kept and sold by her in an open and public manner, but some care seems to have been taken to prevent what she did from becoming generally known. Many people passed the place frequently without knowing of the illegal business carried on in it. Mr. Williams left the management of the property to H. E. J. Boardman, and he was out of town from July 17 to August 23, and from August 29 to October 24. Their agent, C. E. Boardman, was with a sick relative a part of the summer, but appears to have been attending to his business at the same time. Mrs. Ederhoff first applied for a lease of the premises, but was told that the appellants would prefer to make the lease to her husband. At that time he appears to have been engaged in selling liquors in violation of law. The agent of appellants went to his saloon to find him, and left directions there for him to go to a place designated when the lease was signed. The agent knew that Ederhoff was confined in jail. On the twenty-fourth day of

August the county attorney informed appellant Board-
man, by letter, that intoxicating liquors were being sold
in the premises in violation of law, and, about the same
time, Williams was also notified of the fact.   Boardman
visited Mrs. Ederhoff, and was assured by her that no
intoxicating liquor had been, or would be, sold on the
premises; and he inquired of persons in the vicinity,
but failed to obtain evidence that the charge made by
the county attorney was true.   On the twenty-sixth day
of August he stated these facts to the county attorney,
and asked for evidence.   The county attorney declined
to furnish it, on the ground that it would be brought
before the grand jury, and he had no right to disclose
it.   Boardman asked a police officer to observe the
premises, and notify him if anything of an illegal char-
acter was done there.   It appears that the officer's offi-
cial instructions were not to watch for liquor nuisances,
but to pay no more attention to anything he might
hear in regard to saloons than any other business, and
he reported nothing to Boardman.   But we are satisfied
that, had the appellants acted with reasonable diligence
they would have ascertained the character of the busi-
ness Mrs. Ederhoff was carrying on much sooner than
they did.   The business in which Ederhoff was engaged
when the lease was made was some indication of the
business which might be carried on in the leased prem-
ises.   When he was confined in jail for a violation of
the law in regard to the sale of intoxicating liquors, it
would have been natural and proper for the appellants
to ascertain something of the business which was being
carried on in his absence.   When they received infor-
mation from the county attorney of the nature of the
business, they should have been alert to ascertain its
true nature.   It does not appear, however, that they
paid any attention to the proceedings by indictment
against Mrs. Ederhoff, nor that they tried to ascertain
the names of the witnesses against her.   On the four-

teenth day of September, when she entered a plea of guilty of the offense charged against her, the appellants had abundant reason for terminating the lease. They complain bitterly of the failure of the county attorney to furnish them with the evidence on which the indictment was found, and to have the judgment fully executed, and allege that if he had done his duty no illegal sales could have been made after the judgment against Mrs. Ederhoff was rendered. It is not shown that the county attorney should have disclosed the names of the witnesses, upon whom he relied to secure the indictment of Mrs. Ederhoff, before they were examined by the grand jury. By making them known, he might have prevented an indictment. It is true, he could have enforced the judgment when it was rendered, and thus, perhaps, have prevented much of the illegal traffic in question, but his failure to do so is not a defense for the appellants. They can not shield themselves from liability by showing their negligence would have been without effect, had he done his duty. Moreover, the enforcement of the judgment involved the probable imprisonment of Mrs. Ederhoff at a time when considerations of the highest character demanded that she be at large. The appellants could have terminated the lease without depriving her of her liberty, but they did nothing for nearly two months after she had caused to be made of record the fact that the conditions of the lease had been violated. The facts satisfy us that the appellants should be charged with knowledge of the true character of the business carried on in the leased premises, and with having been parties to it, within the meaning of the law. Our conclusion has support in the following authorities: *State v. Grim*, 85 Iowa, 451, 52 N. W. Rep. 351; *Littleton v. Harris*, 73 Iowa, 168, 34 N. W. Rep. 800; *Drake v. Kingsbaker*, 72 Iowa, 444, 34 N. W. Rep. 199; *Gray v. Elskamp*, 69 Iowa, 125, 28 N.

W. Rep. 475; *Martin v. Blattner*, 68 Iowa 288, 25 N. W. Rep. 131, 27 N. W. Rep. 244.

II.   It appears that the petition in this case was verified on the fifteenth day of August, 1891, although it was not filed until the seventh day of September; and, as no supplemental petition was filed, the appellants insist that evidence of violations of law after the verification of the petition was inadmissible, and can not be considered.   It was held in *Allen v. Newberry*, 8 Iowa, 69, that "evidence can not be given of matter arising after the commencement of the action, whether it occurred before or after the plea pleaded, unless the foundation has been laid by proper pleading." See, also, *Sigler v. Gondon*, 68 Iowa, 441, 27 N. W. Rep. 372; Code, section 2731.   The petition in this case charges that the defendants "have established, and are now" keeping and maintaining, a nuisance.   It charges a continuing, and not a past, offense, and proof of illegal acts committed at any time after the commencement of the act is competent.   That offered for plaintiff in this case showed persistent violations of the law from near the beginning of the lease to Ederhoff until about the time of the trial, and is material and proper to sustain the averments of the petition.

III.   We do not think the district court abused its discretion, in refusing to permit appellants to file a supplemental pleading.   The first decree rendered was set aside, but not for the purpose of granting a new trial, and the matter set out in the supplemental pleading offered would not have constituted a defense.   Some of the questions discussed in connection with this branch of the case are disposed of by what we have already said.   Others are not of sufficient importance to be set out at length.

IV.   The appellee asks the allowance of an attorney fee for services rendered by its attorney in connection with this appeal, and the sum of fifty dollars is allowed

for that purpose. We find no sufficient ground upon which to disturb the decree of the district court, and it is AFFIRMED.