B. A. HALL, Appellant, v. R. M. COFFIN *et al.*

**Intoxicants:** ILLEGAL SALES: *Presumption.* Where a pharmacist sells in two months on 19 different days to one man, and on 30 to another, whisky and alcohol by the half pint, and makes similar sales to others, some of whom drank intoxicants, as a beverage and became intoxicated, the presumption of illegal sales is authorized, which is not overcome by reputation that the business was lawfully conducted, and by each purchaser signing the statutory statement that he did not habitually use liquor as a beverage, and that it was for medicinal use.

PLEA AND PROOF. Where a petition to enjoin the sale of intoxicants charges a continuing offense, evidence of illegal sales *post litem motam* is competent.

*Appeal from Tama District Court.*—HON. OBED CASWELL, Judge.

THURSDAY, MAY 18, 1899.

ACTION in equity for the abatement of an alleged nuisance, and to enjoin the defendant from maintaining a place in which to sell or to keep for sale intoxicating liquors in violation of law. There was a hearing on the merits, and a decree in favor of the defendants for costs. The plaintiff appeals.—*Reversed.*

*Daniel Reamer* for appellant.

*O. H. Mills* and *H. J. Stiger* for appellee.

ROBINSON, C. J.—The petition in this case was filed in April, 1896. It alleges that the defendants are registered pharmacists, and that the defendant R. M. Coffin is the owner of a lot, which is described, and of a building thereon ; that he is the owner of certain intoxicating liquors kept for illegal sale in the premises; and that the defendants established,

kept, and maintained, prior to the filing of the petition, and were then keeping and maintaining, a place for the sale of intoxicating liquors as a beverage, in violation of law. The defendants admit that they are registered pharmacists, and that R. M. Coffin is the owner of the premises, and of intoxicating liquors and furniture and fixtures kept therein, and deny all allegations of the petition not thus admitted.

I.    It is shown that R. M. Coffin made numerous sales of intoxicating liquors during the time commencing with November, 1895, and ending with October, 1897. In November and December, 1895, he made to J. W. Shievly, on nineteen different days, sales which included beer, brandy, whisky, and alcohol. When beer was sold the quantity was usually two bottles. The alcohol, brandy, and whisky were sold by the half pint. During the same time there were made to Frank Morrison thirty different sales of brandy, each sale for but one-half pint. The sales to these two men were nearly the same in January and February, 1896, and were continued during the year, although less frequently made, and sales were made to them in 1897. Numerous sales of the same kind were made to others, and among them were many to men who drank intoxicating liquors as a beverage, and sometimes became intoxicated, although we are of the opinion that but one of them is shown to have been in the habit of becoming intoxicated when the sales were made to him. The large number of sales regularly made to the same person, and the character and habits of sobriety of several of those to whom they were made, were sufficient to authorize the presumption that many of the sales were illegal, and to place upon the defendants the burden of showing that they were not. To rebut the presumption the defendants introduced evidence to the effect that their business was reputed to have been conducted according to law. It was also shown that each purchaser signed a request, as required by statute, to the effect that the liquor asked for was desired for medical use, and that the applicant did not

habitually use intoxicating liquors as a beverage. But that evidence was not sufficient to show that all the sales proven were legal. It was unlawful for the defendants to sell intoxicating liquor to any person who was in the habit of becoming intoxicated, and that they did so is clearly shown. We have held that the seller of intoxicating liquor is bound, at his peril, to know whether a person to whom he sells is within the prohibited class. *Fielding v. La Grange,* 104 Iowa, 530, and cases therein cited. See, also, *State v. Mullenhoff,* 74 Iowa, 271.

II. The petition in this case charges a continuing, and not a past offense, within the rule of *State v. Williams,* 90 Iowa, 513, and cases therein cited, and evidence of sales made in violation of law after the commencement of this action is competent. The evidence submitted satisfies us that the defendants are guilty as charged in the petition.

The attorney for the appellant asks the allowance of an attorney fee of one hundred dollars. It is not denied that the amount is reasonable for the service rendered, and it is allowed. The decree of the district court is REVERSED.