## MICKEWICZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 25, 1925.)

### No. 3169.

1. **Intoxicating liquors ⊚⇒275—Material allegations of bill to abate nuisance must be proved.**

In suit to abate liquor nuisance, material allegations of bill must be proved, in order to support decree.

2. **Evidence ⊚⇒220(2)—Maxim that silence gives consent, as rule of evidence, applies only to declarations made in presence of person, under circumstances calling for admission or denial.**

The maxim that silence gives consent, as a rule of evidence, applies only to declarations made in presence of person under circumstances which naturally call for a serious admission or denial on his part.

3. **Evidence ⊚⇒220(1)—Defendants' failure to take steps to vacate temporary injunction to abate liquor nuisance not admission of allegations of bill.**

In proceedings to abate liquor nuisance, fact that defendants made no effort to have vacated a temporary injunction obtained on affidavit of prohibition agents as to purchases made by them *held* insufficient to constitute an admission that allegations of bill were true, and render direct evidence of sales unnecessary on trial of case.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Proceeding to abate liquor nuisance by the United States against Rudolph Mickewicz, also known as Marakowicz, and the William Peter Brewing Corporation. From a decree for plaintiff, defendants appeal. Reversed, and new trial awarded.

O'Brien & Tartalsky, of Jersey City, N. J. (Samuel Tartalsky, of Jersey City, N. J., of counsel), for appellant Marakowicz.

Kappes & Hille, of Weehawken, N. J. (Charles W. Kappes, of Weehawken, N. J., of counsel), for appellant William Peter Brewing Corp.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This was a proceeding to close the property operated by Mickewicz and owned by the William Peter Brewing Company, located in block 167, and known as 613 Bergenline avenue, West Hoboken, N. J. The bill alleged that Mickewicz

maintained a nuisance, in that he sold and bartered whisky on the premises. In support of the bill, Lester Lyons and William Smith, prohibition agents, subscribed to an affidavit, which was attached to and made a part of the bill, wherein they stated that on September 27, 29, and 30, 1922, they purchased whisky from Mickewicz and drank it on the premises. On the strength of this affidavit, the court issued a temporary injunction, restraining the defendants from manufacturing or selling intoxicating liquor on the premises.

At the trial, which took place on March 7, 1924, Richard Davis and James Dawson, prohibition agents, testified, over objection, that on March 6, 1924, the day before the trial, 17 months after the facts alleged in the bill, they purchased a drink of whisky on the premises in question. Lyons and Smith, however, were not at the trial, and there was no direct testimony to establish the truth of the allegations of the bill as to purchases made by them. The defendants did not offer any testimony, and at the conclusion of the government's case moved for a direction of a verdict in their favor. This the court denied, and entered a decree adjudging that the place "was on the 27th, 29th, and 30th days of September, 1922, and is, a continuing nuisance." The injunction against the defendants was made permanent, and the premises were closed for one year. From this decree the defendants appealed.

The affidavit of Lyons and Smith justified the learned trial judge in issuing a temporary injunction. The government contends that the allegations of the bill that the place was kept and used as a common nuisance are established by the failure of defendants to take steps to dissolve the temporary injunction, and that the testimony of Davis and Dawson establishes a continuing nuisance. The government relies on the case of Hall v. Coffin, 108 Iowa, 466, 79 N. W. 274.

[1] It is elementary and conceded that it is necessary to prove the material allegations of a bill in order to support a decree. The material allegation of the bill was that the premises at the time the bill was filed, October 25, 1922, were used as a "public and common nuisance," and that they were "a continuing nuisance." This allegation was based on the affidavit of Lyons and Smith that the defendant had sold them intoxicating liquor on September 27, 29, and 30, 1922. These alleged sales were therefore the foundation of the whole case. It was accordingly necessary to establish them by legal proof.

4 F.(2d)—4

The government says the failure of the defendants to take steps to vacate the temporary injunction against them "must be considered in the nature of an admission against interest"; that the testimony of Davis and Dawson was admissible, because the government alleged the maintenance of a continuing nuisance, and their testimony showed the existence of a nuisance on March 6, 1924, which had presumptively continued from the time of the temporary injunction. In other words, the government relies on the maxim that "silence gives consent," and cites sections 284 and 289 of volume 1, and sections 1071 and 1072, volume 2, Wigmore on Evidence, as sustaining its contention.

[2] In the first place, the record does not disclose whether or not any steps were taken by the defendants to vacate the judgment. There was no testimony given on that subject at the trial. The maxim invoked by the government, and referred to in the first two sections cited from Wigmore, does not apply to such proceedings as are here under consideration. It applies to declarations made in the presence of a person under circumstances which naturally call for serious admission or denial on his part. Moore v. Smith, 14 Serg. & R. (Pa.) 388, 393; Vail v. Strong, 10 Vt. 457, 463. "Silence is not evidence of an admission, unless there are circumstances which render it more reasonably probable that a man would answer the charge made against him than that he would not." Wiedemann v. Walpole, 2 Q. B. 539. When the circumstances are such that a person ought to speak, and does not, this fact is relevant and admissible in evidence. Section 284 of Wigmore refers to delay in prosecution, and section 289 to failure of a defendant to testify in proceedings against him. But Wigmore states that delay or reluctance in beginning a prosecution is only "a slight" indication "of a consciousness of the weakness of one's cause."

The injunction was served on the defendants October 28, 1922, and they filed their answer in December following; Mickewicz on the 6th, and the corporation on the 30th. The temporary injunction was issued on sworn facts which seemed sufficient. The government does not suggest what steps should have been taken to vacate the injunction. The defendants in their answers denied in toto the allegations on which the injunction was based. It could hardly be expected that the court would vacate the injunction on counter affidavits alone denying the facts alleged. Anything else would constitute a trial. It appears to us that under

the circumstances of this case, any other procedure would have been futile.

[3] We do not think that failure to take steps to vacate the injunction before the final hearing was an admission that the allegations of the bill were true, and that no direct evidence to establish the sales was necessary. Therefore the nuisance alleged in the bill to have been maintained was not established. This case differs at this crucial point from that of Hall v. Coffin, supra. In that case the existence of a nuisance was established at the time it was alleged to have existed in the petition. Since the petition charged a continuing nuisance, the court said that evidence of sales made after the commencement of the action was competent. But in the case at bar there was not a word to sustain the finding that the defendants maintained a nuisance on the premises in question on September 27, 29, and 30, 1922. There was accordingly no nuisance to be continued. Testimony, therefore, tending to establish the maintenance of a continuing nuisance, was inadmissible.

The decree is reversed, and a new trial awarded.