**UNITED STATES v. WARD et al.**

(Circuit Court of Appeals, Third Circuit. June 8, 1925.)

No. 3281.

1. **Intoxicating liquors ⚖︎276 — Court could dismiss bill to enjoin nuisance, notwithstanding showing on grant of preliminary injunction.**

In a suit to enjoin a nuisance, under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), the fact that the judge was "satisfied" on the showing made at the preliminary hearing that a nuisance was maintained, and granted a preliminary injunction, does not deprive him of the power to dismiss the bill in his discretion on final hearing, on a finding that its averments have not been proved.

2. **Intoxicating liquors ⚖︎260—Place where liquor is "kept" for sale is "common nuisance."**

In National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), providing that "any * * * place where intoxicating liquor is manufactured, sold, kept or bartered. in violation of this title, * * * is hereby declared to be a common nuisance," the word "kept," read in connection with the context, means kept for sale or barter or other commercial purposes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Keep; Public or Common Nuisance.]

**3. Intoxicating liquors ⬤⟹260—In suit to enjoin nuisance, character of place is the issue.**

A suit to enjoin a nuisance, under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), deals, not with a forbidden act of sale, but with a place of forbidden character.

**4. Intoxicating liquors ⬤⟹260 — Number of sales not the test of nuisance.**

The test of a statutory nuisance, under National Prohibition Act, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), is not the number of sales or the length of time liquor is kept on the premises, but is whether the place is maintained for the keeping and sale of liquor, in the sense of the statute.

**5. Intoxicating liquors ⬤⟹260, 280—Sales may or may not determine fact of nuisance.**

One sale or a number of sales of liquor, when regarded in connection with attendant circumstances, may or may not, in the mind of the judge, who has the responsibility of decision, determine the fact of nuisance and in reaching his decision the judge exercises his discretion, which is reviewable only for its abuse.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by the United States against Patrick C. Ward and another. From a decree dismissing the bill, the United States appeals. Affirmed.

George W. Coles, U. S. Atty., and William J. Brady, both of Philadelphia, Pa., for the United States.

Ladner & Ladner, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This appeal is from a decree of the District Court dismissing a bill which was filed by the United States under Section 22 of Title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k) to enjoin the respondents from maintaining a nuisance by the sale of liquor. Briefly stated, the facts are these: The United States, in its bill, charged that on premises in Philadelphia formerly equipped and maintained as a saloon, the respondent, Ward, on three named dates, sold intoxicating liquor to prohibition agents; it averred that the place was a common nuisance within the meaning of the National Prohibition Act, and that, in its belief, the respondents would continue to keep, maintain and use the premises for the sale of liquor in violation of the Act; and, finally, it prayed that a decree be entered, first, commanding the marshal "to abate the said common nuisance now existing on said premises" by taking possession thereof and destroying all liquor found thereon, and, second, perpetually enjoining the respondents, the proprietor and owner respectively, from keeping and selling any intoxicating liquors any place within the Eastern District of Pennsylvania.

[1] At the preliminary hearing the court granted the customary preliminary injunction. At the final hearing, the court, on the evidence taken at the preliminary hearing, entered a decree dissolving the preliminary injunction and dismissing the bill. On this appeal the Government charges error in the decree based on either a lack of judicial discretion or an abuse of judicial discretion by the court in dismissing the bill. It frames the question involved in these words:

"Where, in an action brought under Section 22, Title 2, of the National Prohibition Act, to abate a nuisance upon premises conducted as a saloon, uncontradicted evidence is received of sales of whisky upon said premises upon three separate days, in violation of the National Prohibition Act, is it within the discretion of the court to deny the relief prayed and to dismiss the bill on the ground that the Government has failed to prove the existence of the nuisance alleged?"

We cannot take seriously the contention that a trial judge, sitting as chancellor in a purely equity proceeding, is without power to conclude that a complainant has not proved the averments of his bill and that, accordingly, the trial judge is without discretion to dismiss the bill. Of course, he has such discretion. A trial judge may, however, abuse that discretion, and when this is charged an appellate court will, within familiar limitations, review his action. We shall therefore confine our review of this decree to the question whether, in entering the decree, the trial judge abused his discretion.

This, as we have said, is a proceeding in equity instituted under authority of Section 22 of Title 2 of the National Prohibition Act. In order effectively to carry out its policy, the statute, in addition to criminal actions, affords the Government a civil action to abate and enjoin the continuance of a nuisance maintained for keeping and selling intoxicating liquors, to be brought in any court having jurisdiction to hear

and determine equity cases and there to be tried as equity cases usually are tried. With this in mind the Congress provided that:

"If it is made to appear by affidavits or otherwise, to the satisfaction of the court, * * * that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial."

With this provision before him, the learned trial judge shortly after the preliminary hearing entered a decree in which he stated that he was "satisfied that the National Prohibition Act was violated by the occupant of the said premises as set forth in the bill, and that a common nuisance was maintained upon the said premises as alleged" and then granted a preliminary injunction against the respondents. At the final hearing he did not find that a common nuisance existed or that a continuous violation of the law was threatened. Accordingly, he dismissed the bill. The Government maintains that having once been "satisfied" of the existence of the nuisance, the judge should have found a nuisance on the final hearing and awarded the injunction prayed for. This, we think, is a misconception of the statute and of the ordinary course of equity proceedings involving preliminary and perpetual injunctions. Conformably with the procedure in such cases the statute provides that before a preliminary injunction can issue, the trial judge, sitting as chancellor, shall be "satisfied" of the existence of a nuisance. By this, obviously, the statute means that "by affidavits or otherwise" enough shall be shown him to satisfy his conscience in awarding the limited though extraordinary remedy of a preliminary injunction; but when he is so satisfied for the purpose of granting a preliminary injunction, it does not follow that the trial judge, still sitting as chancellor, is bound at the final hearing by his attitude of mind at the preliminary hearing, for, if he were, the purpose of a preliminary hearing and the function of a preliminary injunction would disappear and there would be no occasion for anything but a final hearing and a perpetual injunction.

Now, the evidence offered by the Government to prove the averment of the bill that the premises were a nuisance, namely; the sale there by the respondent, Ward, of intoxicating liquor on three occasions, under circumstances indicating other sales, was not "uncontradicted," as the Government stated in framing the question involved. It was directly contradicted by Ward, who testified that he did not make the sales. This might not have been convincing because, according to the Government's testimony, the sales were made by his bartender, which may have bound him. Ferry v. United States (C. C. A.) 292 F. 583. Ward also testified that at the time of the alleged sales he did not have intoxicating liquors on the premises, for sale or otherwise. This might have been convincing. Moreover, at the final hearing additional search warrants were introduced whose returns disclosed that nothing more than bottles of near-beer was found on the premises. Clearly this was a contradiction of the Government's evidence, and certainly its acceptance or rejection was within the discretion of the court.

[2, 3] The Government, taking another position, maintains that, as this court has several times held that a single sale of liquor may be sufficient to establish the existence of a nuisance, three sales, as testified to in this case, were more than sufficient, and precluded the trial judge from making a finding otherwise. This is not a correct statement of the law. A single sale may constitute a criminal violation of the National Prohibition Act, but a single sale without anything more is not sufficient to establish the existence of a nuisance in the civil proceeding provided by the Act, for in the civil proceeding the court deals not with a forbidden act of sale but with a place of a forbidden character. The statute § 21 provides:

"Any * * * place where intoxicating liquor is manufactured, sold, kept, or bartered, in violation of this title * * * is hereby declared to be a common nuisance." Comp. St. Ann. Supp. 1923, § 10138½jj.

[4] In construing this provision, the words "manufactured, sold, kept, or bartered" define the place which the statute declares a common nuisance. "The word 'sold' tells its own meaning. The word 'kept,' read in connection with the words with which it is immediately associated, means kept for sale or barter or other commercial purpose." Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 92, 41 S. Ct. 31, 32, 65 L. Ed. 151, 10 A. L. R. 1548. The test of the statutory nuisance, therefore, is not the number of sales or the length of time liquor is kept upon the premises, but is whether the place is maintained for the keeping and

sale of liquor in the sense of the statute. "A single sale or a brief possession, when surrounded by facts showing that the place where the sale was made or possession had was maintained for keeping and selling intoxicating liquor, is sufficient to sustain the charge of maintaining a statutory nuisance." Singer v. United States (C. C. A.) 288 F. 695; John Hohenadel Brewing Co. v. United States (C. C. A.) 295 F. 489.

[5] It follows that the number of sales of liquor made at a named place does not alone establish the existence of a nuisance. One sale or three sales when regarded in connection with the appurtenant circumstances may or may not, in the mind of the judge who has the responsibility of decision, determine the fact of nuisance. In reaching his conclusion the judge must without doubt exercise his discretion, and it is when, in the performance of this function, he has made either a clear mistake or has ignored the uncontradicted testimony of unimpeached witnesses that a reviewing court may find that he has abused his discretion. After reading the record in this case, and bearing in mind that he had the advantage of seeing and hearing the witnesses and appraising their testimony, we cannot say that the learned trial judge (though previously satisfied of the existence of a nuisance as a ground for a preliminary injunction) abused his discretion when at the final hearing he refused to find the existence of a nuisance as a ground for a perpetual injunction.

The decree dismissing the bill is affirmed.