**MURPHY et al. v. UNITED STATES.**

(Circuit Court of Appeals, Third Circuit. December 22, 1926.)

No. 3307.

1. **Intoxicating liquors ⬤⟿275—In proceeding to abate nuisance, evidence of sales after filing of bill held admissible (National Prohibition Act, tit. 2, § 22 [Comp. St. § 10138½k]).**

In proceeding under National Prohibition Act, tit. 2, § 22 (Comp. St. § 10138½k), to abate an alleged continuing nuisance, evidence of sales of liquor subsequent to filing of bill *held* properly admitted to prove the continuing character of the nuisance, though competent only after antecedent facts alleged had been proved.

2. **Indictment and information ⬤⟿169—Evidence of criminal violation of statute after filing of information is not ordinarily admissible.**

Ordinarily evidence of a criminal violation of statute involved on a date subsequent to the filing of an information is not admissible.

Appeal from District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Proceeding by the United States against Thomas Murphy and another to abate a liquor nuisance. Decree for complainant, and defendants appeal. Affirmed.

For opinion of Supreme Court, answering certified question, see 47 S. Ct. 218, 71 L. Ed. ——.

John H. Kafes, of Trenton, N. J., for appellants.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. On a criminal information charging a violation of section 21 of title 2 of the National Prohibition Act (Comp. St. § 10138½jj) by maintaining a nuisance on their premises, Thomas Murphy and Vincent Murphy were tried and acquitted. Thereafter the United States, acting under section 22 of title 2 of the same Act (Comp. St. § 10138½k), filed a bill in equity in the same court against the same defendants charging them upon the same facts with maintaining the same nuisance. The court sustained the bill and, by injunction, closed the place for one year. The defendants appealed.

This court, under authority of section 239 of the Judicial Code (Comp. St. § 1216), certified to the Supreme Court the

main question raised by the assignments of error as follows:

"Is a judgment of acquittal on a criminal charge of maintaining a common nuisance in violation of section 21, title II of the National Prohibition Act a bar to a civil action brought under section 22, title II of the Act against the same parties to abate the same alleged nuisance?"

The answer in the negative made by the Supreme Court, Murphy et al. v. United States, 47 S. Ct. 218, 71 L. Ed. ——, disposes of this specification of error.

[1] The only other question raised by the assignments which in our judgment calls for discussion grew out of these facts: The bill, filed June 5, 1924, charging the defendants with maintaining a nuisance on certain premises in violation of the National Prohibition Act, alleged, inter alia, that on February 22, 1924, the defendants made a sale of intoxicating liquor to Hassinger and Prendor, prohibition agents, and sales "to divers other persons on divers other days before and subsequent to the sale" first mentioned; and, maintaining that this constituted a nuisance, the bill further alleged that "the said nuisance is a continuing nuisance." At the trial many months later the Government, through the witnesses named, introduced testimony sufficient to sustain its allegation of a sale before suit and through other witnesses offered testimony of sales on October 1 and 3, 1924, dates subsequent to the filing of the bill. Over the defendants' objection the court admitted this testimony in proof of the continuing character of the nuisance. This is assigned as error.

[2] In respect to nuisances denounced by the cited Act there is a distinction between an information charging the criminal offense and a bill in equity seeking to enjoin the continuance of the civil offense. Ordinarily, evidence of a criminal violation of the Act on a date subsequent to the filing of an information is not admissible. This is true for at least two reasons: One (purely technical), because such evidence is not relevant to any allegation of the charging instrument; and the other (very substantial), because the defendant cannot lawfully be tried and convicted for an offense of which he has not been apprised and to which he has not pleaded.

But in the civil proceeding a defendant is not on trial for selling intoxicating liquor. He is on trial for maintaining a nuisance, of which sales made by him in violation of the Act may be evidence. The nuisance may continue beyond the filing of the bill, and, when so alleged, evidence of continued sales is admissible to prove the continuance of the nuisance. For this purpose alone evidence of post litem motam sales is competent, Iowa v. Williams, 90 Iowa, 513, 519, 58 N. W. 904; Hall v. Coffin, 108 Iowa, 466, 468, 79 N. W. 274; and it is competent then only if the antecedent facts alleged in the information charging the nuisance have first been proved, Mickewicz v. United States (C. C. A.) 4 F.(2d) 48, for it would be absurd to admit evidence to show that a nuisance not proved continues.

While we find that in this case the learned trial judge did not commit error in admitting evidence of subsequent sales, we approve his admonition to United States Attorneys that they should not voluntarily hazard their cases on nice distinctions of law but should pursue the safer course of grounding them on facts, when subsequently occurring, through resort to supplemental bills, for, conceivably, the question of a continuing nuisance may be whittled down to such a fine point that the law which we have announced would not apply.

The decree is affirmed.