## EGNER et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 22, 1926.)

No. 3306.

1. **Criminal law** &=163—Acquittal on charge of maintaining nuisance is not bar to civil proceeding to abate same nuisance (National Prohibition Act, tit. 2, § 22 [Comp. St. § 10138½k]).

Acquittal on a criminal charge of maintaining a liquor nuisance is not a bar to civil proceeding under National Prohibition Act, tit. 2, § 22 (Comp. St. § 10138½k), to abate the same nuisance.

2. **Intoxicating liquors** &=280—In nuisance abatement proceedings, assignment that court erred in not entering judgment for defendants held bad.

Assignment of error that "the court erred in not entering judgment in favor of the defendants and against the complainant," in proceedings to abate liquor nuisance, *held* bad.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Proceeding by the United States against Ray Egner and another (as amended, Louis Alexander and another), to abate liquor nuisance. Decree for complainant, and defendants appeal. Affirmed.

John H. Kafes, of Trenton, N. J., for appellants.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. The situation in Murphy v. United States (C. C. A.) 16 F.(2d) 595, which involved an acquittal of the defendants on a criminal charge of maintaining a nuisance and later a decree against them on the civil charge of maintaining the same nuisance under appropriate provisions of the National Prohibition Act (Comp. St. § 10138¼ et seq.), is repeated in this case. From the decree closing the premises for one year the defendants appealed and now assign three matters as error, which, abbreviated, are as follows:

[1] (1) Error in entering the decree because the acquittal in the criminal proceeding was a bar to the civil proceeding.

The answer in the negative made by the Supreme Court to this question, certified in Murphy v. United States (C. C. A.) 16 F.(2d) 595, disposes of this assignment.

(2) The findings of the court were against the weight of the evidence.

The evidence, properly weighed, sustains the findings.

[2] (3) "The court erred in not entering judgment in favor of the defendants and against the complainant"—a bad assignment under the rule laid down in The Blakeley (C. C. A.) 285 F. 348, 350.

The decree is affirmed.