## BRAUNSTEIN v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
February 17, 1928.

No. 3695.

1. **Intoxicating liquors ⬦⟹275—Proof of sales on each date specified held not essential to establish nuisance (National Prohibition Act, tit. 2, § 21 [27 USCA § 33]).**

A bill charging a continuing nuisance, under National Prohibition Act, tit. 2, § 21 (27 USCA § 33), alleging sales of liquor on different days specified, is supported by proof of sale on one of such days and on a later date not specified.

2. **Intoxicating liquors ⬦⟹274—Ownership of business charged as nuisance cannot be proved by admission in answer of landlord.**

Allegation in a bill for abatement of nuisance that a defendant owned and operated the business as tenant must be proved, and cannot be proved by an admission in the answer of a codefendant, the owner of the building; but absence of proof against the alleged owner of the business, who denies the allegation, does not render invalid a decree against the property and its owner.

3. **Intoxicating liquors ⬦⟹274—Tenant, disclaiming ownership of business on premises closed for violation of Prohibition Act, cannot complain of decree, though he may object to part thereof running against him personally (National Prohibition Act, tit. 2, §§ 21, 22 [27 USCA §§ 33, 34]).**

Decree ordering premises closed as a nuisance, under National Prohibition Act, tit. 2, §§ 21, 22 (27 USCA §§ 33, 34) cannot be complained of by tenant of premises, where he specifically disclaimed that he owned the business carried on there, though he may object to that part of the decree which runs against him personally, and to being charged with costs, and to the inference of a criminal act, which is implicit in the decree, where there is no proof that he owned or operated the business, and therefore no proof that he maintained the nuisance.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit in equity by the United States against John Braunstein and others. Decree for complainant, and defendant Braunstein appeals. Affirmed in part, and amended in part, and, as so amended, affirmed.

Harold Simandl, of Newark, N. J., for appellant.

Walter G. Winne, U. S. Dist. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Dist. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This is a suit in equity under the nuisance sections of the National Prohibition Act. Sections 21, 22, title 2, 41 Stat. 305 (27 USCA §§ 33, 34). Both respondents, the alleged owner of the business and the owner of the premises, appeared and answered; a decree was entered against both; only one appealed.

[1] The bill charges the maintenance of a nuisance on named premises and in support of this general allegation it alleges three separate sales of liquor in the place on three named dates. At the hearing the government proved a sale on one of the dates and a sale on a date intermediate the other two. Braunstein, the respondent-appellant, claimed, and still maintains, that this proof fails under Mickewicz v. United States (C. C. A.) 4 F.(2d) 48, where the bill charged a nuisance on certain dates and the evidence failed to prove a nuisance on those dates and

this court reversed a decree, finding a continuing nuisance by reason of a sale eighteen months later, on the ground that as there was no evidence of a nuisance on the dates alleged, there was, accordingly, no nuisance to be continued.

In the case at bar, however, the bill charges a nuisance and also a continuing nuisance, and the government offered evidence of single sales in proof of both. Opposed to Braunstein's contention that to prove the nuisance as alleged the government must prove sales on all three dates, we hold under the principle of Singer v. United States (C. C. A.) 288 F. 695, that proof of nuisance on one of the dates named was enough.

[2] But the trouble in this case is a curious one, having nothing to do with what was proved. It has to do with what was not proved. In paragraph 4 of the bill the United States "alleges * * * that the defendant, John Braunstein, is the owner and operator of the business conducted on said premises:

"That the defendant Oraton Investment Company, a corporation of New Jersey, is the owner in fee of said premises and real estate."

The proofs are ample to sustain a finding that a nuisance had been maintained in the place by some one, in that it was a place in which repeated violations of the National Prohibition Act had been committed. But they were committed apparently by employees of some one, mainly by a woman bartender. Braunstein by his answer denied all the allegations of the bill, which include paragraph 4 alleging that he was the owner and operator of the business; and the government offered no evidence to sustain the allegations of that paragraph in so far as they relate to him. The Oraton Investment Company, however, admitted in its answer all the allegations of paragraph 4, thus ostensibly admitting that Braunstein was the owner and operator of the business conducted on the premises and expressly admitting that it was the owner in fee of the premises. The government, being without evidence to sustain its allegations against Braunstein, relied on the unverified answer of the corporation landlord and insists that this constitutes evidence against Braunstein on the principle, found in 1 Greenleaf on Evidence (14th Ed.) §§ 178, 189, that "an answer in chancery is also admissible in evidence against any person actually claiming under the party who put it in; and it has been held prima facie evidence against persons generally reputed to claim under him, at least so far as to call upon him

to show another title from a stranger." This is familiar law in a matter of title, or in a matter where an issue arises out of the relation between two parties and where because of that relation the admission of one is competent evidence against the other. McElroy v. Ludlum, 32 N. J. Eq. 828, 831; Christie v. Bishop, 1 Barb. Ch. (N. Y.) 105.

But this case does not concern title or a matter springing from the relation of landlord and tenant. It concerns conduct, and conduct with relation to the public as announced by an Act of Congress, and conduct of two parties which may be joint or separate and with respect to which neither can bind the other by his pleaded assertions.

The government stresses the fact, repeatedly stated by federal courts, that the proceeding under the nuisance sections of the National Prohibition Act is not a criminal action, but is a suit in equity to be conducted according to the rules of equity, and therefore it urges that resort may be had to those rules to strengthen evidence on the allegations of the bill otherwise weak or to supply evidence otherwise absent. Rettig Beverage Co. v. United States (C. C. A.) 13 F.(2d) 740, 742; Mickewicz v. United States (C. C. A.) 4 F.(2d) 48, 49; Murphy v. United States (C. C. A.) 16 F.(2d) 595. But the rules of equity do not relieve the government from proving the essential allegations of its bill; that is, from proving the alleged fact that the respondents maintained a nuisance of the character defined by the Act. However an equity suit of this kind may be regarded, it is, when looked squarely in the face, an action quasi criminal in that it is an action to stop violations of a criminal statute, and a decree finding a nuisance based on sales of liquor by one of the defendants in violation of the Act, while not expressly convicting him of crime, implicitly finds him guilty and places a stigma upon him. Before this can be done the government must prove that he did the things with which it charges him in its bill, namely, that he operated the business in violation of the criminal statute. As the admission by the Oraton Investment Company that Braunstein was the owner and operator of the business conducted on the premises does not bind him, there is no evidence in the record that he was the owner and operator or had anything to do with the maintenance of the nuisance.

As the decree runs against the corporation as well as against him, does the failure of the proof as to Braunstein's connection with the nuisance vitiate the decree as to the corporation? We think not. The plain pur-

pose of the nuisance sections of the National Prohibition Act is to provide a remedy equitable in form to abate nuisances criminal in character. Their object is to reach the place, not to punish the man or corporation that operates it or owns it. Their aim is to abate the nuisance. The instrumentalities by which such a nuisance may be abated are two; both afforded by the statute: One, closing of the place; the other, enjoining the operator of the business and the owner of the place from further maintaining the nuisance. We think the statute permits the use of all these instrumentalities, either together or one or the other separately, according as the court may think them necessary to make the abatement effective. One of the parties in this suit was the corporation landlord which by its answer raised an issue and went to trial. The fact that the alleged nuisance was found and the connection of the nuisance with the place and the place with its owner were established enabled the decree to be entered against the landlord and the place, and as the corporation owner has not appealed from the decree there is, as to it, nothing to review on this appeal.

[3] The decree against the corporation owner, ordering that the premises be closed, must stand. Braunstein cannot complain of this decision because he does not claim that he owns the premises and he specifically disclaims that he owned the business. Taking him at his word, he cannot be heard on this appeal in an attack on a decree that cannot validly touch him, nor can he be heard with respect to the closing of the premises in which he claims no interest. He can, however, properly object to that part of the decree which runs against him personally and to being charged with costs, and, more important still, to the inference of a criminal act which is implicit in the decree, when, as here, there is no proof that he owned or operated the business and therefore no proof that he maintained the nuisance. Yet, oddly enough, he insistently urges a flat reversal of the whole decree.

The decree in so far as it affects Braunstein must be amended and when amended by excluding him from its operation, it is affirmed in so far as it affects the Oraton Investment Company and the place.

That no one may be misled by the decision in this singular case, we wish to make clear that it is based solely on the unusual fact that Braunstein, besides making the denial customary in such cases that he maintained the nuisance, denied having owned and operated the business and having any interest in the place. If at the hearing he had admitted, or if the government had produced evidence to prove, that he operated the business, the issue of his part in maintaining the nuisance should have been tried and decided in the ordinary way, Ferry v. United States (C. C. A.) 292 F. 583; Singer v. United States (C. C. A.) 288 F. 695; Mickewicz v. United States (C. C. A.) 4 F.(2d) 48; United States v. Ward (C. C. A.) 6 F.(2d) 182; Casey v. United States (C. C. A.) 8 F.(2d) 709; Rettig Beverage Co. v. United States (C. C. A.) 13 F.(2d) 740; Murphy v. United States (C. C. A.) 16 F.(2d) 595; and, manifestly, a valid decree against the landlord closing the place could not have been entered unless, on sufficient evidence, a decree against the tenant, the only one here charged with the active commission of the offense, could have been entered.