## UNITED STATES v. BROWN et al.

District Court, S. D. Florida. March 13, 1929.

### No. 554.

William M. Gober, U. S. Atty., of Tampa, Fla., and William A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla.

Julian L. Hazard and Roger Watkins, both of Tampa, Fla., for defendants.

JONES, District Judge. This is a bill in equity, filed by the United States to abate a nuisance, as described in the National Prohibition Act, alleged to exist at certain described premises in the city of Tampa, Fla., known as 1302 Franklin street.

The bill is in the usual form, alleging the premises are equipped with a bar and barroom accessories; that intoxicating liquors are kept, sold, and bartered; and that said premises, and all intoxicating liquor and property kept and used in maintaining the same, constitute and are a common nuisance, as defined by section 21 of title 2 of the National Prohibition Act (27 USCA § 33). It prays for a temporary restraining order, for an order to abate the said nuisance, and to prohibit the use or occupancy of said premises for one year.

The testimony has been taken, and this case was heard on final hearing at the same time as the case of United States v. Diego et al., 31 F.(2d) 305, opinion in which case was filed this day; reference being hereby made to said opinion for the law governing this case.

 The testimony in this case, given on behalf of the government, shows these premises are equipped with a bar and other bar accessories, the premises being to that extent just as they were before the National Prohibition Act (27 USCA) came into effect, when said premises were used as a barroom. The testimony further shows that on June 6, 1928, a prohibition officer entered the premises and ordered a drink of whisky from the bartender. He was served a drink from a pitcher, and after the drink was served he seized the pitcher from the bartender, named Cohen, and arrested him. The prohibition officer on this occasion was assisting in serving a federal search warrant. This same witness again visited this place on September 18, 1928, with another search warrant. He testified that as he stepped into the place he heard a crash back of the bar, "and when we got there we smelled the odor of liquor." The search was continued, and two bottles of intoxicating beer were found. Some time about November 1, 1928, two "under cover" police officers visited the place twice, and on each occasion purchased intoxicating liquor over the bar from the defendant Wolfe. On one occasion the liquor (one-half pint) was taken from the cash register.

The defendant Wolfe testified, denying that sales of liquor had been made by him, or to his knowledge, or with his consent; that the two bottles of beer seized on one occasion were brought into his place by two sailors, who were present when the officers arrived; that he had previously told these sailors he had no beer. He also testified that the bar fixtures were in the place when he rented it six years ago. He said he sold

soft drinks, sandwiches, and cigars, and used the back of the place as a gymnasium, where prize fighters trained and business men exercised.

It is quite clear that the facts in this case are different from those in the Diego Case, referred to above. Here we have a number of sales, intoxicating liquor seized under search warrants, and "all the appurtenant circumstances" necessary to determine that a nuisance existed. Denapolis v. United States, 3 F.(2d) 722 (5th C. C. A.); United States v. Ward (C. C. A.) 6 F. (2d) 182; Lewinsohn v. United States (C. C. A.) 278 F. 421.

It was contended by counsel for defendants that knowledge of the violation should be brought home to the owner before the premises could be "padlocked." This is not the law. In the case of Denapolis v. United States, supra, the owner was not even a party; but the Circuit Court of Appeals sustained the decree closing the premises for one year. The court, speaking through Judge Bryan, said: "It is of no concern to the lessees that the owner of the premises was not made a party defendant. The suit is aimed at the unlawful use, irrespective of ownership." The owner is protected by the provision of the statute giving the right to procure possession of the property by giving a bond.

The material allegations of the bill having been proven, a decree as prayed for will be entered.