## CAPAWANA et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 12, 1923.)

No. 3007.

1. **Intoxicating liquors ⏀275—Decree enjoining nuisance held supported by evidence.**

In a suit to enjoin and abate a public and common nuisance, as defined in National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), proofs *held* sufficient to sustain a decree for the government.

2. **Witnesses ⏀305(1)—No complaint can be made of penalties and forfeitures in reference to matters in which defendant called to testify without objection.**

A suit to abate a nuisance, as defined by National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), being a civil proceeding in rem, a defendant, who testified without objection when called by the government to prove that he owned the property, and afterwards testified in his own behalf, cannot complain that he was subjected to penalties and forfeitures in reference to matters in which he had been called to testify.

3. **Intoxicating liquors ⏀277—Court held without power under bill to enter personal injunction against owner of building.**

A bill charging liquor violations in building and ownership in defendant, etc., *held* to bring the case within the in rem proceeding against property provided for in National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), but not within the provisions of section 23 (Comp. St. Ann. Supp. 1923, § 10138½l), and court did not have power to enter a personal injunction against defendant, though such injunction was prayed.

**4. Intoxicating liquors ⬤➡280—Appeals of purchaser and mortgagees of property subject of abatement dismissed.**

Where decree of court in pursuance of National Prohibition Act. tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), enjoining a nuisance, provided that the defendant or any person claiming under him could petition the court for a permit to open and occupy, on giving bond, etc., appeals of one becoming owner after the institution of the suit and of previous mortgagees will be dismissed, where they did not avail themselves of leave given to petition the trial court for relief.

In Error to the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

Bill by the United States against Anthony Capawana and others to enjoin and abate a public nuisance. Decree for plaintiff, and defendants bring error. Decree affirmed as to one defendant, and appeals of other defendants dismissed.

William Adgate Lord, of Orange, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns section 21, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj). For the enforcement of its provisions, that statute enacts that:

"Any * * * house * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, * * * is hereby declared to be a common nuisance."

The act further provides (Comp. St. Ann. Supp. 1923, § 10138½k):

"An action to enjoin any nuisance defined in this title may be brought in the name of the United States by * * * any United States attorney. * * * Such action shall be brought and tried as an action in equity. * * * If it is made to appear by affidavits or otherwise, to the satisfaction of the court or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. * * * And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court may in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, * * * conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this title upon said property."

From the foregoing it will be seen that Congress by this statute placed in the power of the courts an effective means of stopping present, and preventing future violations of law by the use of the most potent and effective agency the law possesses, when properly exercised, to wit, the writ of injunction, and coupling with such preventative injunction the punitive penalty of closing premises which had been used for the violation of the law. The purpose of Congress in the law is manifest, in that it not only made the violator of the law guilty of a misdemeanor, but it burdened his property with nonuse for a substantial

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

period. But, recognizing the fact that such general provisions might work hardship or wrong in individual cases, the statute gave to the court a field of discretion in which the court could in a proper case relieve the offending real estate from closure and permit it to be used by the owner, etc., giving bond that it should not again be used as a place to violate the law. The statute being enacted to repress and prevent violations of law, and it further providing carefully against its use as a means of oppression on the property owner, we are of opinion it should be given such construction as will further its salutary purpose, while preventing its wrongful or oppressive use.

In pursuance of the statute, the United States, at the instance of the United States attorney for the district of New Jersey, on June 20, 1922, filed a bill in the court below "for the purpose of enjoining and abating a certain public and common nuisance as defined in section 21, title 2, of said Act of Congress, and now existing upon certain premises situate within the state and district of New Jersey." The bill was, and alleged itself as being, "a suit of a civil nature." It described the property as "situate at No. 53 South Day street, in the city of Orange, county of Essex, and state of New Jersey," and alleged that Anthony. Capawana, whom it named as defendant, was "the owner and proprietor of the business conducted on said premises," and was also "the owner of the said premises and property above described." The bill further alleged that "the said premises are used and maintained as a place where intoxicating liquor, as defined by section 1 of title 2 of said National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½) is manufactured, sold, kept or bartered in violation of the provisions of said title by defendant above named."

The bill further alleged the premises were "equipped with furniture and glassware, which is appropriate only for use in the handling and sale of intoxicating liquor," and that Capawana had sold to divers persons, among them to one person whose affidavit stating time, place, surroundings, purchase of whisky, price paid, use of cash register, etc., was attached to the bill. Thereupon the court, on June 24th, issued a temporary injunction. On July 15th defendant filed an answer, in which he denied each and every averment of the bill. Thereafter the case was heard on proofs by both parties, and on February 20, 1923, the court entered a final decree that Capawana be enjoined from manufacturing, selling, bartering, or storing on said premises any liquor containing one-half of 1 per cent. or more of alcohol, and that "said real estate and premises hereinabove described shall not be occupied or used for one year subsequent to the date of this decree."

An examination of the record fails to show that Anthony Capawana took any appeal from this decree, but, inasmuch as he has appeared by counsel as hereafter stated and has assigned error, we have considered the case as though the appeal of other persons hereafter named was an appeal by him, and alleged error in the court's decree of February 23, 1923, was duly before us. So far as Capawana's personal appeal is concerned, the assignments of error raise three questions: First, the insufficiency of the proofs to sustain the decree; second, that the decree involved error because it subjected Capawana to pen-

alties and forfeitures in reference to matters and things to which he had testified under subpœna; and, third, that the court was without power to restrain him individually from violating the law for one year in the district of New Jersey.

[1] Referring to the first question, the insufficiency of the proofs, we are satisfied the evidence warranted the decree, for it was shown that Capawana was the owner of the premises and that they were fitted up as a regular bar; that on the night of May 1, 1922, when the witness Hugo visited the premises, he saw Capawana serving drink to a customer from behind the bar; that Hugo, who had entered the premises on the pretext of selling gas lighters, then asked for a drink, and was served with a low grade of whisky, for which he paid 50 cents; that two other men beside himself were served with what was apparently whisky, for which they paid Capawana. After the preliminary injunction was granted, the premises remained fitted up as a bar, and on November 24th they were visited by a captain of the local police to search for intoxicating liquors. He testified that when he entered the place Capawana started to break bottles, the contents of which the witness smelled and said they were whisky; that Capawana was excited; that witness put a bottle in his pocket, which Capawana took out and dashed on the floor and broke; that witness saved half of the contents, and it was whisky. In reply Capawana went on the stand, and denied that Hugo had been at his place, said he had never seen him, and that at the time Hugo alleged to have bought the drink the witness was not there, and one Denny was tending the bar at the time Hugo claimed he bought from Capawana. Denny was not called to support Capawana, nor did he make any denial to the testimony of the local police officer, and when asked, on cross-examination, about the visit of that officer, he declined to answer on the ground that it was not proper cross-examination.

Without entering into further discussion, we are clear that the evidence not only shows that the premises were a nuisance when the preliminary injunction was granted in June, but that in violation of the injunction Capawana was maintaining the nuisance in November following. So far as this assignment is concerned, it is without support.

[2] As to the second contention, namely, that Capawana was subjected to penalties and forfeitures in reference to matters in which he had been called to testify, it suffices to say that this was a civil proceeding in rem; that, when called as a witness by the government to prove that he owned the property when the bill was filed, he not only made no objection, but he subsequently went on the stand and testified fully in his own behalf, and in reference to the ownership of the property testified on his own side of the case as to the same facts he had proved when called by the government. In that regard we find no error.

[3] As to the third question, namely, that this court was without power under this bill to enter a personal injunction against Capawana, which it did in these words:

"The defendant Anthony Capawana, his servants, agents, or coadjutors, is personally restrained and enjoined from manufacturing, selling, barter-

ing, or storing any intoxicating liquor contrary to the provisions of the National Prohibition Act, at any place within the district of New Jersey, for one year after the filing of this decree."

We are of opinion the assignment of error must be sustained. While the bill prayed such injunction, it will be noted its facts brought the case within the in rem proceeding against property, provided for in sections 21 and 22 of the National Prohibition Act, but not within the provisions of section 23 (Comp. St. Ann. Supp. 1923, § 10138½l), wherein an offending person may be himself adjudged a nuisance and permanently enjoined. Neither the allegations of the bill nor the proofs brought the present case within the terms of that section.

From the foregoing it follows that, on modifying its decree by striking out section V thereof as quoted above, the decree is affirmed.

[4] Turning now to the appeal of Clementina Capawana, Michael Winter, and Leonard Capawana, which comes before us on this same record, we note that the decree in Anthony Capawana's case was entered on February 23, 1923. In that decree the court, in pursuance of the provisions of section 22 of the act, provided:

"The said defendant and any person or persons claiming under said defendant may at any time hereafter petition this court for a permit to open and occupy said real estate and premises, upon the petitioner giving bond with sufficient surety to be approved by this court in the penal and liquidated sum of not less than $500 nor more than $1,000, payable to the United States, the condition of said bond being that intoxicating liquor will not thereafter he manufactured, sold, bartered, kept or otherwise disposed of on said real estate and premises, and conditioned further that the persons giving said bond will pay all fines, costs and damages that may be assessed for any violation of title II of the National Prohibition Act, said petition to be set down for a hearing in this court."

Instead of availing themselves of the leave thus given, and petitioning the court below for relief if entitled thereto, Clementina Capawana, alleging she became the owner of said premises of Anthony Capawana after the bill in this case was filed, petitioned the court to intervene "particularly in order that she may join with the defendant in taking an appeal * * * to secure a reversal or modification of said decree, so as to permit her to use her said real estate and premises, or some part thereof." On the same day Michael Winter and Leonard Capawana, setting forth that they respectively held mortgages on Anthony Capawana's real estate prior in date to the filing of the bill, and that they were not made parties to the bill, prayed they also might likewise be permitted to intervene and join in Anthony Capawana's appeal. The court below granted them leave to intervene and they have joined in this appeal. Whether the alleged subsequent purchaser, Clementina Capawana, or the two mortgagors, have any rights which the court can and should award them under clause III of the decree as above quoted, are questions on which we express no opinion, for the court below, and not this court on this present appeal, is the one to determine that question in the orderly course provided by the statute.

As to their appeals, they will be dismissed, and the costs of the appeal as a whole shall be jointly paid by all four appellants.