**UNITED STATES v. McCRORY et al.**

Circuit Court of Appeals, Second Circuit.
May 7, 1928.

No. 206.

1. **Intoxicating liquors ⬥275—Evidence held insufficient to establish defendant's ownership of premises, padlocked for unlawful sale of liquor (National Prohibition Act, tit. 2, §§ 22, 23 [27 USCA §§ 34–37]).**

In suit by government under National Prohibition Act, tit. 2, §§ 22, 23 (27 USCA §§ 34–37), to declare certain premises a common nuisance because of sale of intoxicating liquor, and to enjoin defendant from selling liquor, evidence *held* insufficient to establish ownership of premises by defendant.

2. **Intoxicating liquors ⬥275—Insufficiency of evidence of defendant's ownership of premises held to preclude closing them for sale of intoxicating liquors (National Prohibition Act, tit. 2, §§ 22, 23 [27 USCA §§ 34–37]; Supreme Court Equity Rule 13).**

Where evidence was insufficient to show defendant's ownership of premises sought to be declared common nuisance and padlocked for sale of intoxicating liquors, court had no authority to close the premises under National Prohibition Act, tit. 2, §§ 22, 23 (27 USCA §§ 34–37), since owner, lessee, tenant, or occupant must be served with process in method prescribed by Supreme Court Equity Rule 13.

3. **Intoxicating liquors ⬥272—Suit to abate nuisance for sale of liquor must be begun by service on owner, lessee, tenant, or occupant, closing of premises being incidental (National Prohibition Act, tit. 2, §§ 22, 23 [27 USCA §§ 34–37]; Supreme Court Equity Rule 13).**

In suit by government to declare premises a nuisance and to close them for unlawful sale of intoxicating liquor under National Prohibition Act, tit. 2, §§ 22, 23 (27 USCA §§ 34–37), suit must be begun by service of subpoena on owner, lessee, tenant, or occupant, and closing of premises is by way of special final relief to be granted in aid of decree abating nuisance; service on owner being in manner prescribed by Supreme Court Equity Rule 13.

**4. Intoxicating liquors ⊂⇒280—Fact that defendant disclaiming interest in premises alone appealed held not to permit affirmance of decree closing premises for unlawful sale of liquor where no owner or occupant was joined (National Prohibition Act, tit. 2, §§ 22, 23 [27 USCA §§ 34–37]).**

Fact that person proceeded against by government under National Prohibition Act, tit. 2, §§ 22, 23 (27 USCA §§ 34–37), disclaimed all interest in premises, and alone appealed from decree closing them for unlawful sale of intoxicating liquors therein, *held* not to permit decree to stand where persons interested as owner, lessee, tenant, or occupant were not made parties.

**5. Intoxicating liquors ⊂⇒265—Waiter employed one year on premises where liquor was sold held properly enjoined from continued taking of orders for sale (National Prohibition Act, tit. 2, § 23 [27 USCA §§ 35–37]).**

Decree granting personal injunction against waiter employed for about one year at premises shown to have been used for sale of intoxicating liquors *held* proper under National Prohibition Act, tit. 2, § 23 (27 USCA §§ 35–37), providing that any person taking or accepting orders for sale or delivery of liquor may be restrained by injunction on ground of nuisance from "doing or continuing to do any of such acts or things."

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the United States against Frank McCrory, James Reynolds, and others, in which defendant last named alone was served with process and appeared. From an adverse decree, the defendant last named appeals. Reversed in part, and affirmed in part.

Appeal from a final decree in equity of the District Court of the United States for the Southern District of New York, declaring certain premises situated on the ground floor and basement of No. 137 West Seventy-Second street, borough of Manhattan, a common nuisance because of sales of intoxicating liquor therein, ordering them padlocked for one year, and enjoining the defendant James Reynolds from selling intoxicating liquor there or elsewhere in the Southern district of New York. Modified.

Samuel Weinreb, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Arthur E. Schwartz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The usual bill in equity was filed in this cause to restrain violations of the National Prohibition Act (27 USCA) and setting forth two causes of action—the first, to have the premises in suit declared a common nuisance and put under lock and seal; the second, to enjoin the defendants McCrory and Reynolds from taking orders and selling intoxicating liquors in violation of section 23 of title 2 of said act (27 USCA §§ 35–37).

The bill of complaint alleged that McCrory and Reynolds were proprietors of the place of business where the violations occurred. Reynolds was the only defendant who was served with process, or who appeared.

[1] There was no sufficient proof that Reynolds was an owner or tenant of the premises. The trial court did not so find, but said: "Mr. Reynolds * * * is just a drifter. I imagine he would do anything they told him to do." It is true that the police officer, Hocke, testified that, when he arrested one Murphy on the premises and was taking him out, Reynolds came in and said: "This is my place." But the police officer, in giving his report of the arrest to the United States attorney, wrote: "Building ownership, name and address unknown." He also testified in substance that he said nothing to the United States attorney's office about Reynolds' alleged statement that the premises were his until he saw Reynolds in court at the trial. The great weight of testimony was that the defendant Frank McCrory was the proprietor of the premises.

In view of the entire record, we cannot take the unsupported statement of the police officer that Reynolds said the place was his, contradicted as it was by the officer's own entry and by a large amount of oral testimony, as sufficient proof that Reynolds was the proprietor, or one of the proprietors, of the premises.

[2] If, as we find, Reynolds was not shown to have had any interest in the premises, the District Court acquired no jurisdiction to declare the premises a nuisance or to order them padlocked. There is no statutory warrant for closing the premises, unless and until the owner, lessee, tenant, or occupant has been served with process in the way prescribed by Supreme Court Equity Rule 13. Prior to a decree that the premises are a nuisance, rendered after such service, there could be no basis for closing them. This is because the Prohibition Act contains no provision for any preliminary seizure of the premises. The basis for padlocking is found solely in the following words of title 2, section 22 (27 USCA § 34):

"And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, * * * shall not be occupied or used for one year thereafter."

[3] It seems plain from the foregoing that such a suit as the present one must be begun by service of a subpœna on an owner, lessee, tenant, or occupant, and that the closure of the premises is by way of special final relief, which may be granted in aid of a decree that the nuisance shall be abated. United States v. Waverly Club (D. C.) 22 F.(2d) 422; United States v. Schwartz (D. C.) 1 F.(2d) 718; United States v. Gaffney (C. C. A.) 10 F.(2d) 694. See, also, section 22 of title 2 of the National Prohibition Act. The suit is therefore originally in personam, and personal service or appearance is the basis of jurisdiction.

[4] But it is said that, because Reynolds disclaims all interest in the premises and alone appeals, the decree closing them should stand, and Braunstein v. United States (C. C. A.) 24 F.(2d) 174, is cited to support the contention. But in that case the landlord of Braunstein was made a party, answered, went to trial, and had a decree against him, from which he did not appeal. The bill had alleged that Braunstein operated the business, but the evidence as to him was held insufficient. So the decree was reversed as to Braunstein "by excluding him from its operation," but allowed to stand as to his landlord because the latter had not appealed.

Here the jurisdiction under which the decree closing the premises was granted rested solely on the allegation that Reynolds was a proprietor and this fact was not proved. In such circumstances the provisions of the decree declaring the premises a nuisance and ordering them closed must be reversed, because Reynolds was not shown to have been a proprietor, and no owner, lessee, tenant, or occupant was brought before the court.

[5] But the injunction against Reynolds stands in a different position. Section 23 of title 2 of the Prohibition Act provides that any person who shall "take or accept orders for the sale * * * or delivery of liquor in violation of this title is guilty of a nuisance and may be restrained by injunction, temporary and permanent, from doing or continuing to do any of said acts or things."

To be sure Reynolds denied making sales or seeing any sales of liquor made on the premises, but he admitted that he was a waiter there for about a year, and it was abundantly proved that liquor was sold and that a quantity was seized at the place on at least two occasions while he was employed. There was a bar in the rear of the premises, and at the time of the arrest of Murphy on March 5, 1927, "there were about 12 people up against the bar," and rye, Scotch, and champagne were found in the place. It is unreasonable to suppose that a waiter in a "speak-easy" did not "take orders" for liquor. To take such orders was in the natural course of his business. We accordingly hold that the circumstances require a finding that he acted in accordance with reasonable probability, and that a case for a personal injunction against him was made out.

It is to be observed that section 23, supra, does not limit the injunctions provided for to decrees restraining defendants from taking or accepting orders for the sale or delivery of liquor upon the premises, where violations have been proved, but is quite general, so that here there may be an injunction against "any of said acts or things" within the territorial jurisdiction of the court in which the suit is brought—in this case within the Southern district of New York.

The part of the decree holding the premises a nuisance and ordering them closed is reversed, for lack of jurisdiction over the owner, lessee, tenant, or occupant, who was never served with process or appeared in the suit, and the portion granting a personal injunction against Reynolds is affirmed.