### ATLES et al. v. UNITED STATES.
### No. 4538.

Circuit Court of Appeals, Third Circuit.
June 25, 1931.
Rehearing Denied July 31, 1931.

Walter Winne and Winne & Banta, all of Hackensack, N. J., for appellants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Horace C. Jeffers, Asst. U. S. Atty., of Morristown, N. J.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of New Jersey against Louis Atles and John Gilmore enjoining a nuisance, as defined in section 21 of title 2, under the provisions of section 22 of title 2, of the National Prohibition Act (27 USCA §§ 33, 34).

The decree declared a café room at 25 South New York avenue in Atlantic City a common nuisance. It enjoined the defendants in accordance with the terms of section 22 and ordered the padlocking of the premises for one year.

The bill charged that Gilmore was the person in charge of the saloon or business, that Louis Atles was the proprietor of the Atlas Hotel or place of business, that Gilmore was employed by Louis Atles, and that Louis Atles and Jennie Atles were the owners of the real estate. Louis Atles and Jennie Atles in their answer denied the allegations against them. A decree pro confesso was entered against Gilmore in default of an answer. Prior to hearing on the merits, a motion to suppress evidence seized upon the premises was denied.

Upon hearing, there was evidence that two prohibition agents entered the premises in the afternoon; that the place was fitted as a restaurant with a bar; that Gilmore was behind the bar; that one of the agents ordered whisky, which was refused; that both agents ordered beer, which was served over the bar by Gilmore and was consumed by the agents. The agents testified that they were familiar with the taste and appearance of beer of unlawful alcoholic content and that they knew from taste and sight, based on personal experience, that the beer served contained more than one-half of one per cent. of alcohol by volume. After drinking the beer, they told the bartender that they were prohibition agents and arrested him. They took samples of the beer which was on tap behind the bar. The chemist's analysis showed that the samples contained about 4½ per cent. of alcohol by volume.

The agents asked Gilmore who was the proprietor; whereupon Atles entered, and, in his presence, Gilmore stated that Atles was the proprietor and was his employer.

The first contention of the appellants is that the testimony of the prohibition agents, from taste and sight alone of the beer, was not competent evidence of its unlawful alcoholic content to sustain the fact of unlawful possession and sale, and, therefore, the evidence, consisting of the beer seized, should have been suppressed. That identification of the unlawful content of intoxicating liquor by taste, sight, and smell is admissible, has been held by this court in a number of cases. See Singer v. United States (C. C. A.) 278 F. 415. Schliefer v. United States (C. C. A.) 288 F. 368. Stoecko v. United States (C. C. A.) 1 F.(2d) 612.

It is true that, where the issue is whether beer is of unlawful alcoholic content, a court should be more careful in admitting opinion evidence than where distilled or vinous liquors are the subject of inquiry. But we agree with Judge Evans in the case of Lewinsohn v. United States (C. C. A.) 278 F. 421, that, with a proper showing of qualification to form a judgment, there is no reason why a witness, qualified by experience, should not give his opinion that the beverage sold and drunk was or was not beer containing an unlawful percentage of alcohol.

With the evidence of their senses of sight, smell, and taste and their conclusions before the trial judge, we perceive no reason why the seizure was not lawful and why the beer seized, which undoubtedly contained a high percentage of alcohol, should not be admitted in evidence.

The seizure being justified, it was evidence to show unlawful possession and to show the alcoholic content of the beer sold to the agents. That evidence, together with the fact shown that the premises were equipped as a barroom, is amply sufficient to support the finding that the premises were maintained as a common nuisance. Farrell v. United States (C. C. A.) 21 F.(2d) 318. Singer v. United States, supra.

It is argued on behalf of the appellant, however, that because, in the bill of complaint, it is alleged that Louis Atles and Jennie Atles are the owners of the real estate and that allegation is denied in the answer, and neither Louis Atles nor Jennie Atles were shown by the evidence to be the owners of the premises, the bill should be dismissed for want of proper parties defendant. The allegations as to these defendants in the bill are "that defendant Louis Atles is the proprietor of the said 'Atlas Hotel' or place of business; that defendant John Gilmore is employed by said Louis Atles in said premises; and that Louis Atles and Jennie Atles are the owners of said real estate."

Prohibition agent Andrichak testified: "After drinking our beer, we identified ourselves to the man behind the bar and asked him where the proprietor was; and a kind of a stout man came out and at that time Mr. Gilmore said that was the proprietor. The man gave his name as Mr. Atles. In the presence of Mr. Atles, Mr. Gilmore admitted, stated, that Mr. Atles was the proprietor and employed him."

And Agent Kopczynski testified: "After we arrested John Gilmore, we asked John Gilmore who the owner was, and at that time a man came in and identified himself as Louis Atles, and he admitted ownership."

That testimony, which was admitted without objection concerning Atles, who was there on the premises, was sufficient for the finding that he was at least the proprietor of the place of business and that he was the employer of Gilmore, the bartender. While, therefore, it is not proved that he was an owner of the premises, the evidence is sufficient at least to show that he was in possession as an occupant.

Section 22 of title 2 of the act, because of the provision that the court may, in its discretion, permit the premises to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond, conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, etc., has been construed as meaning that the action in equity must be brought against one or more of the persons so described. United States v. McCrory et al. (C. C. A.) 26 F. (2d) 189. Denapolis et al. v. United States (C. C. A.) 3 F.(2d) 722. The use of the disjunctive "or" entirely supports that construction.

It is not necessary, therefore, that the owner of the fee be a party if any person of the classes named is made defendant.

There was, therefore, in our judgment sufficient evidence to sustain the decree as against Louis Atles. As the decree did not run against Jennie Atles and there was no evidence to establish any interest in the premises in her, it is held that she has no standing upon appeal and, as to her, the appeal is dismissed.

The decree is affirmed.