## DAVILA v. UNITED STATES.
### No. 2555.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1931.

Henry G. Molina, of San Juan, Porto Rico, for appellant.

Frank Martinez, U. S. Atty., of San Juan, Porto Rico (Frank Bianchi, Asst. U. S. Atty., of San Juan, Porto Rico, and A. Chesley York, Asst. U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

This is an appeal from the federal District Court of Porto Rico in a proceeding in equity under title 2, § 23, of the National Prohibition Act (27 USCA § 35), which provides:

"Any person who shall, with intent to effect a sale of liquor, by himself, his employee, servant, or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or other conveyance whatever, or leave in a place for another to secure, any liquor, or who shall travel to solicit, or solicit, or take, or accept orders for the sale, shipment, or delivery of liquor in violation of this title is guilty of a nuisance and may be restrained by injunction, temporary and permanent, from doing or continuing to do any of said acts or things."

It is quite evident, we think, that these proceedings should have been brought under section 22 of the act (27 USCA § 34), which relates to places, while section 23 obviously relates to traveling salesmen, who have no established place of business.

The only evidence in the record of any sales of liquor was at his house and in his garage connected therewith.

The testimony of the deputy prohibition administrator for Porto Rico that the respondent had the reputation of being a dealer in liquor and a bootlegger was clearly inadmissible. It was not character evidence; nor did the case call for character evidence. It was an attempt to prove acts of an individual by purely hearsay evidence. The testimony admitted was not admissible, either in a criminal or civil proceeding.

There is no evidence in the case that the defendant ever carried around on his person, or in a vehicle, or left in any place for a customer, or traveled to solicit, or solicited, or accepted orders for, within the meaning of

section 23, intoxicating liquors. The only evidence is that he twice sold liquor at certain premises described in the complaint.

The decree of the District Court is reversed, and the bill of complaint ordered dismissed, for want of proof.