**UNITED STATES v. JOHNSON et al.**

No. 205.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1932.

George Z. Medalie, U. S. Atty., of New York City (Earle N. Bishopp, of Brooklyn, N. Y., of counsel), for the United States.

Herman L. Falk, of New York City, for appellant.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The suit was in equity to abate a common nuisance alleged to exist at 1201 Southern boulevard, New York City, in violation of section 21 of title 2 of the National Prohibition Act (27 USCA § 33), and to enforce the provisions of section 22, title 2, of the act (27 USCA § 34). The premises were ordered closed for one year, and a personal injunction was issued against defendant Johnson. The complaint was dismissed as to the other defendant.

The evidence showed that intoxicating liquor was found at the premises which contained a bar with the customary equipment and fixtures for selling and serving it. Service was made only upon defendant Johnson who was behind the bar and said he was the bartender and in charge of the premises but denied that he was the owner. When arrested, Johnson gave the officers the name of the owner of the premises and told them that Peter Fowler whose address was unknown was the proprietor. There was no other evidence to connect Johnson with the business.

The finding that a common nuisance existed there was justified by the evidence but the finding that Johnson was the proprietor was inadvertently made. He was properly found to be the person in charge and the person who conducted the business. This was suffi-

cient to justify the issuance of the personal injunction against him. United States v. Mc-Crory (C. C. A.) 26 F.(2d) 189. In the sense that he was physically present in the premises while at work and then in control, the finding that he was an occupant was correct, but there is nothing to show that his occupancy was based on any proprietary interest in the business.

The section of the act under which this suit was brought provides that an action to enjoin a nuisance "shall be brought and tried as an action in equity. * * *" There is no provision for service upon any named person. In its discretion, the court may permit the room, house, building, structure, boat, vehicle or place where a nuisance has been shown to exist "to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond," etc. The person necessary to be served when the action in equity is brought will often, perhaps always, be the owner, lessee, tenant, or occupant. In any event service upon persons of the above-named classes has been held to be sufficient. United States v. McCrory, supra; United States v. Atles (C. C. A.) 50 F.(2d) 808; Denapolis et al. v. United States (C. C. A.) 3 F.(2d) 722. However, occupant is used in the statute solely as descriptive of one class of persons who shall give bond when whatever the word "it" refers to may be permitted to be used in the discretion of the court. Moreover, it is made to apply indiscriminately to "such room, house, building, boat, vehicle, structure, or place." Obviously, occupant is a sort of catch-all chameleontype word which tends toward the vague or the definite as the context in which it is used varies. Very likely it serves its purpose well enough in the connection in which it is used in the statute, for the rights of the government would be as well protected by a good bond given by an occupant whatever within reason the word was held to mean in any given instance. When the jurisdiction of the court depends upon personal service, however, the rights of the defendant are involved, and it may well be that the kind of occupant who could file a bond in accordance with the statute would not have enough interest in the subject-matter of the suit to make service upon him sufficient to give the court power to enjoin the nuisance. Actions of this kind are in personam. United States v. McCrory, supra. Were there some provision for arresting the res and proceeding in rem, much of the present difficulty as to service would be obviated. One purpose of the statute, though the procedure must be in personam, is plainly to do away with what are designated to be common nuisances. Such nuisances are maintained by means of some person in charge who may or may not have some proprietary interest in the business. If he is in charge of premises designed for unlawful use, as when furnished with a bar and its customary equipment for selling intoxicating liquor, and does there possess such liquor unlawfully, he is the person who is in actual possession and control as an occupant and the person who in fact maintains the nuisance. That he may call himself, or be called by others, a bartender, waiter, employee, or some other name, is not controlling. If it be shown that the person served with process actually was in possession of the premises and in charge of the unlawful business which constituted the common nuisance, he was an occupant upon whom service was sufficient to give the court jurisdiction of the subject-matter of the action. We have reached this conclusion the more readily because the case turns upon a choice between giving to a word a technical meaning which will aid evasion of the statute and a natural meaning in line with the avowed intent of Congress. See National Prohibition Act, tit. 2, § 3 (27 USCA § 12).

Decree affirmed.