## UNITED STATES v. FOX et al.
### No. 402.

Circuit Court of Appeals, Second Circuit.
July 21, 1932.

Sanford H. Cohen, of New York City (George Cohen, of New York City, of counsel), for appellants Fox and Cornyn.

George Z. Medalie, U. S. Atty., of New York City (Leonard J. Obermeier, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint in this suit contains two causes of action, the first under section 22, title 2, of the National Prohibition Act (27 USCA § 34) to enjoin a liquor nuisance maintained at premises No. 5622 Broadway, New York City; the second under section 23, title 2 (27 USCA § 35), to enjoin soliciting and accepting orders for the sale of intoxicating liquors.

Prohibition agents visited the premises on February 11, 1931, were admitted by a bartender named Burns who sold one of them a glass of beer, and also in their presence sold a glass of whisky to another person. The bartender was arrested, but is not a party to this suit.

Under a search warrant directed to the premises various intoxicating liquors were seized. There was evidence that the defendant Mike Fox was employed at the premises by one Felix Cornyn as one of the bartenders at a salary of $50 a week, that Cornyn held a lease thereof, and that the cash receipts from the business conducted there were paid over to him.

Upon the foregoing evidence the trial judge held that the defendant Fox was in charge of the business at premises No. 5622 Broadway and therefore was a principal in the commission of a nuisance there. He also

held that Fox was an "occupant" within the meaning of section 22, title 2, of the Prohibition Act (27 USCA § 34), and granted a decree declaring the premises a common nuisance, enjoining Fox from selling and possessing intoxicating liquor there or elsewhere within the Southern District of New York, and closing the premises for one year. Thereupon Cornyn, who had never been made a party to the suit, filed a petition in the District Court alleging that he was a "lessee, proprietor, tenant and occupant" of the premises in question; that, because he was an indispensable party, the court was without jurisdiction to close them, and that he only appeared specially in order to vacate the decree so far as it directed the closing of the premises. The District Judge denied his petition to vacate the part of the decree closing the premises. Fox appealed from the decree, and Cornyn appealed from the order denying his application to vacate so much of the decree as closed the premises.

▮ There can be no doubt that there was sufficient evidence to justify the finding that the premises in question were a common nuisance within the meaning of section 21, title 2, of the Prohibition Act (27 USCA § 33). Fox was the night bartender and was in general charge of the place from 5 o'clock in the afternoon until the closing hour. He was an aider and abettor of the nuisance, and, as such, was rightly enjoined, under section 22, title 2 (27 USCA § 34), from selling liquor on the premises. He had been working in the liquor business since before the days of prohibition, had been working for Cornyn for twenty years, and for some eighteen months had been employed as a bartender at 5622 Broadway. Upon the authority of our decisions in United States v. McCrory, 26 F. (2d) 189, and United States v. Rosoff, 27 F. (2d) 719, Fox took "orders for the sale * * * or delivery of liquor" within the meaning of section 23, title 2, of the act (27 USCA § 35), and was enjoined from continuing illegal sales within the territorial jurisdiction of the court. Whether this injunction was too broad will be discussed later.

▮▮ We think that the part of the decree which closed the premises for one year cannot stand. The finding that the premises were a common nuisance does not help to sustain it, for the cause of action on which the right to close depended was in personam, and the plaintiff had to obtain jurisdiction over the proper defendant to justify closing his premises. United States v. McCrory (C. C. A.) 26 F. (2d) 189; United States v. Johnson (C. C.

A.) 54 F. (2d) 977. The cause of action given by section 22, title 2, of the Prohibition Act (27 USCA § 34), was for the abatement of a nuisance, and only upon "judgment of the court ordering such nuisance to be abated" does the section provide that the court may order that the "place shall not be occupied or used for one year thereafter." It was logically necessary to sue and serve with process the person who could control what was being done upon the premises in order to obtain a decree which would abate the nuisance. This could not be done by serving Fox as servant or agent of Cornyn, or effectuated in any other way than under the equity rule. United States v. Waverly Club (D. C.) 22 F. (2d) 422. The failure of the Senate to pass H. R. 11199, which passed the House of Representatives on February 21, 1931, and provided for additional methods of service as though the cause of action were in rem indicates that the usual mode of obtaining jurisdiction in personam was not extended by the Prohibition Act in cases like the present.

▮▮ Fox could not control the business that was being conducted at 5622 Broadway. If he stopped selling liquor there, another bartender could go on under the direction of Cornyn, or Cornyn could still sell himself. Fox, though temporarily in charge, was no more than the servant of Cornyn and had no interest in the premises and no possession. Possession remained in his employer. Presby v. Benjamin, 169 N. Y. 377, 62 N. E. 430, 57 L. R. A. 317; Kerrains v. People, 60 N. Y. 221, 19 Am. Rep. 158; Connolly v. Medalie (C. C. A.) 58 F. (2d) 629. We think that Cornyn was an indispensable party because his interest, and apparently his interest alone, was affected by the decree.

▮ In cases like the present it may be entirely unnecessary to join the owner of the real estate, for he could still collect rent from his tenant in the absence of ouster by title paramount, or could intervene and, upon filing a cross-bill, cancel the lease to Cornyn for infraction of the Prohibition Act (title 2, section 23), and, in the latter event, if innocent of wrongdoing, could regain possession of his property. United States v. Pepe (C. C. A.) 12 F. (2d) 985. But any procedure which closes property to which Cornyn had the right of possession without giving him a hearing would seem to be unlawful and unwarranted by anything found in the act. The District Court obtained no jurisdiction over him in the suit, for he was not made a party or served with process and he had a right to appear specially, call the attention of the

688

court to the situation, and contest the grounds of its jurisdiction. Davis v. Cleveland, C., C. & St. L. R. Co., 217 U. S. at page 174, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907. Furthermore, section 39, title 2, of the act (27 USCA § 62) would seem to require that Cornyn be made a party if his premises were to be closed. It provides that: "In all cases wherein the property of any citizen is proceeded against or wherein a judgment affecting it might be rendered, and the citizen is not the one who in person violated the provisions of the law, summons must be issued in due form and served personally, if said person is to be found within the jurisdiction of the court."

While section 39, title 2, was perhaps principally aimed at libels for forfeiture, it also embraces cases where "a judgment affecting" the property of a citizen is rendered and he is not the one who in person violated the law. The requirement of this section that such an individual must be made a party to the suit reinforces the general principles of law already discussed.

■ The government seeks to uphold the order closing the premises on the ground that section 22, title 2, of the Prohibition Act (27 USCA § 34) permits an "occupant" of premises which have been closed to regain possession upon giving a bond against the continuance of the nuisance. It argues that Fox was a person in charge of the premises in question and that under our decision in United States v. Johnson, 54 F.(2d) 977, he came within the description of "occupant." The term "occupant" ordinarily implies a person having possessory rights—who can control what goes on upon the premises. The word must be read in connection with the preceding words "owner, lessee, tenant," and construed so as to embrace only things "ejusdem generis." As thus read, it means more than a servant, and relates to one having some proprietary right in the premises. Atles v. United States (C. C. A.) 50 F.(2d) 808; Denapolis v. United States (C. C. A.) 3 F. (2d) 722. So we in effect held in United States v. McCrory (C. C. A.) 26 F.(2d) 189. See, also, Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25; Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N. W. 521, 44 L. R. A. (N. S.) 666; Given v. Hilton, 95 U. S. 591, 24 L. Ed. 458; United States v. Florida East Coast R. Co. (C. C. A.) 222 F. 33; In re Robinson's Will, 203 N. Y. at page 386, 96 N. E. 925, 37 L. R. A. (N. S.) 1023; Rex v. Irish, 18 Ont. Law Rep. 351.

■ In United States v. Johnson, 54 F.(2d) 977, we sustained a "padlock" decree in a suit against a bartender who was in charge of the premises but had no proprietary interest. The difficulties involved in such a decree were not presented as fully as here, and section 39, title 2, of the act was not called to our attention. Upon reviewing the considerations governing such a situation, we are of the opinion that a decree closing premises on account of liquor violations must be founded upon jurisdiction over the person who at all times has the power to stop the infractions. Mike Fox was not such a person.

■ The injunction against Fox, so far as it prevented him from doing acts in connection with the maintenance of a nuisance at No. 5622 Broadway, was properly issued. Section 21, title 2, of the Prohibition Act, declares that premises where intoxicating liquor is manufactured, sold, kept, or bartered in violation of the act are a common nuisance. Section 22, title 2, provides that an action may be brought in equity to enjoin such a nuisance. Accordingly, Fox, who, if not maintaining the nuisance, was aiding and abetting the nuisance and conspiring with the proprietor to maintain it, might properly be enjoined from continuing his unlawful acts. But the decree went further, and not only enjoined him from doing acts in connection with the maintenance of the nuisance at the premises in question, but likewise attempted under the provisions of section 23, title 2, to enjoin him from "soliciting or taking or accepting orders for the sale of, or selling, possessing or keeping intoxicating liquor * * * anywhere else in the Southern District of New York." Such a broad injunction we sustained in United States v. Rosoff, 27 F.(2d) 719, and United States v. McCrory, 26 F. (2d) 189. The Court of Appeals of the First Circuit has recently rejected such an interpretation of section 23, title 2, in Davila v. United States, 54 F.(2d) 356, and the judges of the third circuit adopted the same view in Capawana v. United States, 294 F. 153. Upon reconsideration of our reasoning in United States v. Rosoff, supra, we are impelled to the conclusion that section 23, title 2, was not intended to cover a case of this kind, but was aimed at so-called "bootleggers" rather than at persons conducting what has come to be known as a "speakeasy." It declares a person guilty of a nuisance who shall "keep or carry around on his person or in a vehicle or other conveyance whatever, or leave in a place for another to secure, any

liquor, or who shall travel to solicit, or solicit, or take, or accept orders for the sale, shipment, or delivery of liquor." Fox was not shown to be a person who carried around liquor or who traveled to solicit or solicited or took or accepted orders for the sale, shipment, or delivery of liquor within the fair meaning of the section. He was a mere bartender at a liquor saloon. The kind of person described is evidently one who either peddles liquor or goes about soliciting or accepting orders for future delivery.

We are of the opinion that, in so far as the injunction against Fox restrained him from doing acts unconnected with the nuisance maintained at No. 5622 Broadway, it was not warranted by the Prohibition Act and must be reversed.

The order denying the application of Felix Cornyn is reversed. That part of the decree which directed the closing of the premises and enjoined Mike Fox from soliciting or taking or accepting orders for the sale of, or selling, possessing, or keeping intoxicating liquor elsewhere in the Southern district of New York than on said premises is reversed and vacated, but the decree is otherwise affirmed as against Mike Fox.

The foregoing disposition is made without prejudice to the right of the plaintiff to file a new bill against Felix Cornyn in order to have the premises declared a common nuisance, to obtain an injunction against him, and to have the premises closed pursuant to section 22, title 2, of the Prohibition Act.