**UNITED STATES v. WHITE et al.**
**No. 401.**

Circuit Court of Appeals, Second Circuit.
July 21, 1932.

M. Michael Edelstein, of New York City, for appellant Frank E. White appearing specially, and appellant George Leonard.

George Z. Medalie, U. S. Atty., of New York City (Leonard J. Obermeier, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint in this suit contains two causes of action, the first instituted under section 22 of title 2 of the National Prohibition Act (27 USCA § 34) to enjoin and abate a liquor nuisance conducted at No. 206 West Forty-First street, New York City; and the second under section 23 to enjoin soliciting and accepting orders for the sale of intoxicating liquors. The defendant Leonard was alone served with process, and it was conceded at the trial that a liquor nuisance was conducted on the premises. It was proved that Leonard was acting as bartender and was employed at a salary of $35 per week by White, who was the owner of the premises, and that Leonard was serving intoxicating drinks as such bartender. Leonard appeared to be the person in charge, but was not shown to have had any proprietary interest therein, or in the business.

The trial court held that Leonard had no proprietary interest in the business and was not a tenant or lessee of the premises, but was the occupant thereof and granted a decree declaring them a common nuisance, enjoining Leonard from selling and possessing intoxicating liquor there or elsewhere within the Southern district of New York and closing the premises for one year. Thereupon White, who had not been served, appeared specially in the District Court to vacate the part of the decree which directed the premises to be closed, alleged that he held a lease, was the sole proprietor, and an indispensable party to the suit, and that the court lacked jurisdiction to close the premises. The court denied the application.

From the decree Leonard has appealed, and, from the order denying White's motion to vacate such part of the decree as directed the premises No. 206 West Forty-First street to be closed, White has appealed.

These appeals are determined by our opinion in United States against Mike Fox and Felix Cornyn filed herewith. Leonard was a mere bartender having no possessory rights and no proprietary interest in the business. He was therefore not an "occupant" within the meaning of section 22 of title 2 of the National Prohibition Act, and a suit against and service upon him afforded no basis for a so-called "padlock" decree. The portion of the decree granting an injunction to prevent Leonard from manufacturing, selling, possessing, bartering, or keeping any intoxicating liquor on the premises was proper; the remainder of the decree should be reversed.

The order denying the application of Frank E. White is reversed. That part of the decree which directed the closing of the premises and enjoined George Leonard from soliciting or taking or accepting orders for the sale of, or selling, possessing, or keeping intoxicating liquor elsewhere in the Southern district of New York than on said premises is reversed, but the decree is otherwise affirmed as against George Leonard. This disposition is made without prejudice to the right of the plaintiff to file a new bill against Frank E. White to have the premises declared a common nuisance, to obtain an injunction against him, and to have the premises closed pursuant to section 22 of title 2 of the National Prohibition Act.