## UNITED STATES v. VAN BLARGEN et al.

### No. 4841.

Circuit Court of Appeals, Third Circuit.

Aug. 31, 1932.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Samuel Cohen, of Newark, N. J., for the United States.

George R. Sommer, of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The bill in equity, filed under sections 21, 22 and 23 of title 2 of the National Prohibition Act (27 USCA §§ 33–35), charged a number of persons and the Gilmer Holding Corporation with maintaining a nuisance upon premises, "being a gray brick garage-like building, known as 'Bleeker Club,' with saloon or barroom at head of hall, first floor, located at No. 9 Bleeker Street, Newark, Essex County, N. J." After hearing, the court entered a decree restraining the personal defendants from further committing a nuisance at the place named and directed abatement of the nuisance by ordering the whole building closed for a year.

The Gilmer Holding Corporation, a New York corporation, owner of the building, appeared (specially) before another judge of the same court and, on the ground of lack of service, moved to vacate that part of the decree which ordered the premises closed. The judge at the hearing had previously found the service upon the corporation in-

valid but held that service upon the other defendants gave him power to abate the nuisance. The court, differently constituted, vacated the decree closing the owner's premises. The government appealed, and by appropriate assignments charges the court with the single error of vacating the padlock feature of the decree for want of service upon the foreign corporate owner.

■ This, we hold, is the only question properly here on the government's appeal. The owner-appellee, which did not appeal from the first decree finding a nuisance and closing the whole building, however, attacks that decree because it extends not only to No. 9 Bleeker Street, where a barroom was equipped, but, because of the building's broad frontage, extends as well to what may properly or actually be No. 11 and No. 13 Bleeker Street, which ostensibly was a garage and is now a restaurant. Although that is a question which relates to the first decree, from which neither party has appealed, and therefore is a question not here for review, both parties, oddly enough, have discussed it at length and have submitted it for decision. We shall do no more than say that the question before the first judge was whether the whole building or only a part of it was a nuisance, that the part whose entrance was numbered 9 was undoubtedly operated as a nuisance, that it was connected by a trap door with the garage-like part whose frontage would correspond with the numbers 11 and 13, and in which were found empty half barrels usually used to contain beer, and finally, there was enough evidence to sustain his finding that the whole building, 9, 11 and 13, all under one roof, constituted one premises in which a nuisance had been maintained.

■ The real question in the case is whether service upon the owner (wherever resident) is necessary to sustain the padlocking of an offending premises. The defendant owner, a corporation of New York, without a statutory agent resident in New Jersey, urges, and the District Court in New Jersey as last constituted held, that closing premises because of a nuisance without personal service upon the foreign corporate owner violates the Fifth Amendment that "no one shall be deprived of * * * property without due process of law." That the Congress appreciated the legal delicacy of this question in providing a purely personal equity action to abate a nuisance in a rem is evidenced by the provisions it made for service of process. Realizing the difficulties, practical and legal, that would probably arise from the very subject matter of the legislation, the unlawful sale of liquor, it provided first for personal service upon all defendants, especially upon one whose property might be affected by a judgment "if said person is to be found within the jurisdiction." Apprehending that a convenient way to violate the law might be found by the owner residing in one state and the offending property being situated in another, the Congress next provided (in the disjunctive) that valid service may be made upon "the owner, lessee, tenant or occupant." Of course that means when service upon the owner is impossible because of his non-residence, or in case of a corporation because of its foreign domicile and its failure to maintain a resident agent to accept service for it, service upon a person of one of the other classes is sufficient, in this case upon the "occupant." If this were not so, the padlocking provisions of the National Prohibition Act would, in many if not in most instances, be impossible of enforcement. Plainly that feature of the law might as well not have been written. In consequence courts, in interpreting the Act, have held that when a foreign corporation acquires property it is chargeable with its lawful use, and when it puts itself beyond service of process in nuisance actions arising in respect to it, and particularly when, as here, its officials, well knowing what has transpired, cause it to appear not to defend its property rights but specially to assail the service upon it, it is bound, so far as the abatement of a nuisance is concerned, by the service upon one whom it has placed in possession, the "lessee, tenant or occupant." This is in accord with our previous decision in Atles v. United States, 50 F.(2d) 808, supported persuasively or directly by United States v. McCrory (C. C. A.) 26 F.(2d) 189; United States v. Johnson (C. C. A.) 54 F.(2d) 977; Engler v. United States (C. C. A.) 25 F.(2d) 37; United States v. Collins (C. C. A.) 55 F.(2d) 70.

The decree of the District Court entered November 2, 1931, is reversed, and the decree entered July 31, 1931 is reinstated.