## UNITED STATES v. HUGHES et al.
### No. 770.

District Court, M. D. Pennsylvania.
Oct. 24, 1932.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

J. E. Brennan, of Carbondale, Pa., for defendant Hughes.

WATSON, District Judge.

Archie J. Hughes, one of the defendants, asks that the judgment entered against him for costs of the equity proceedings be stricken off.

The subpoena was not served upon Archie J. Hughes, but returned by the marshal, non est inventus as to him.

It is contended by the government that this case is an action in rem, and being such, the premises decreed to be a nuisance are subject to the costs. With this contention I cannot agree, for a suit in equity to abate a nuisance under the National Prohibition Act, title 2, § 22 (27 USCA § 34), is a suit in personam and not one in rem against the property as an offender. United States v. Schwartz et al. (D. C.) 1 F.(2d) 718; United States v. Waverly Club et al. (D. C.) 22 F.(2d) 422.

Such a suit as the present one must be begun by service of a subpoena on an owner, lessee, tenant, or occupant, and the closing of the premises is by way of special relief which may be granted in aid of a decree abating the nuisance. United States v. McCrory et al. (C. C. A.) 26 F.(2d) 189.

The suit is in personam, and personal service or appearance is the basis of jurisdiction.

Service was not had upon Archie J. Hughes, and the judgment entered against him should be stricken off.

Now, October 24, 1932, the rule to show cause why the judgment entered against Archie J. Hughes should not be stricken off is made absolute, and the judgment is stricken off.