## O'HEARNE v. UNITED STATES.

### No. 5778.

Court of Appeals of the District of Columbia.

Decided July 24, 1933.

Harry T. Whelan and W. B. O'Connell, both of Washington, D. C., for appellant.

Leo A. Rover and Harold W. Orcutt, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia adjudging appellant guilty of contempt in disobeying temporary and final injunctions issued under sections 22 and 23 of title 2 of the National Prohibition Act (chapter 85, 41 Stat. 305, 314, 27 U. S. C. §§ 34, 35 [27 USCA §§ 34, 35]).

The bill producing the injunctions was filed in the court below on September 23, 1931, and alleged the maintenance at 815 Vermont avenue, in the city of Washington of a public nuisance used for the manufacture, sale, etc., of intoxicating liquor, and charged that appellant among others had been conducting the business therein since August 19, 1931. The bill further alleged that since that date appellant and another in and upon the premises, "as well as in other places within said District of Columbia, have been soliciting, taking and accepting orders for the sale, shipment, and delivery of intoxicating liquor for beverage purposes in violation of the provisions of title 2 of the National Prohibition Act, and particularly in violation of the provisions of section 23 thereof"; that appellant and another "in and upon said premises, and elsewhere within said District of Columbia, are now soliciting, taking and accepting orders for the sale, shipment and delivery of intoxicating liquor for beverage purposes in violation of the said provisions of law," and are therefore "guilty of a nuisance as defined in and by section 23, of title 2, of the National Prohibition Act"; the bill further averred that unless restrained by injunction, appellant and others "will continue, in the future, to solicit, take and accept orders for the sale, shipment

and delivery of intoxicating liquor for beverage purposes in violation of said provisions of law, in and upon said premises, as well as elsewhere in said District of Columbia."

On the same day (September 23, 1931) an injunction was ordered, pendente lite, restraining appellant and others from continuing the alleged nuisance at 815 Vermont avenue, and further restraining and enjoining appellant and another "pendente lite, from traveling to solicit, soliciting, taking or accepting orders for the sale, shipment, or delivery of, and from selling, possessing, or keeping any intoxicating liquor in violation of title 2, of the National Prohibition Act, either in, on or upon the within described premises or at any other place whatsoever within the said District of Columbia."

Appellant and others, duly served, failed to appear and answer the bill, and on October 21, 1931, a decree pro confesso was entered against them. On October 24, 1931, appellant and another moved to strike from the portion of the order for injunction pendente lite above quoted, the following, "or at any other place whatsoever within the said District of Columbia," which motion was overruled, and on December 15, 1931, the decree pro confesso against appellant and others was made absolute.

On December 17, 1931, a final decree for injunction was issued adjudging premises 815 Vermont avenue a public and common nuisance as alleged; restraining appellant and others from maintaining that nuisance; ordering the premises padlocked for four months; and permanently restraining and enjoining appellant and another from "traveling to solicit, soliciting, taking and accepting orders for the sale, shipment, and delivery of and from manufacturing, selling, keeping, and bartering any intoxicating liquor in violation of title II of the National Prohibition Act, either in, on, or upon the above described premises or at any other place or places within the said District of Columbia."

Appellant took no exception to these rulings and decrees of the court, nor did he prosecute an appeal therefrom.

Thereafter, on February 24, 1932, the government filed an information in equity for contempt in the same cause, setting forth the above proceedings, and reciting that neither the order for injunction pendente lite of September 23, 1931, nor the final decree of December 17, 1931, had been modified and were in full force and effect. The information also alleged that on September 23, 1931, appellant had moved from Vermont avenue to 725 Seventeenth street, and had there continued the business previously conducted on Vermont avenue; and alleged that, in violation of the foregoing orders and decrees, appellant on various dates between December 11th and December 23, 1931, at 725 Seventeenth street had sold, kept, and delivered large quantities of intoxicating liquor. The information further alleged that on December 23, 1931, appellant moved to apartment 2, at 1636 Connecticut avenue, and therein possessed and sold large quantities of intoxicating liquor on several occasions between December 23, 1931, and January 9, 1932, in violation of the final decree for injunction issued on December 17, 1931.

Appellant pleaded not guilty to the information, and the cause was heard upon the testimony of many witnesses in open court (section 24).

On May 12, 1932, the court found that appellant unlawfully had kept, possessed, and sold large quantities of intoxicating liquor in and upon premises 725 Seventeenth street during the period charged in the information, and that appellant unlawfully had kept, possessed, and sold large quantities of intoxicating liquor in and upon premises known as apartment 2, No. 1636 Connecticut avenue during the period charged, all as alleged in the information and in violation of the injunction orders of September 23, 1931, and December 17, 1931. Upon these findings the court adjudged appellant guilty of contempt and sentenced him to imprisonment for ten months and to pay a fine of $1,000. Whereupon this appeal followed.

Section 21 of title 2 of the National Prohibition Act (27 USCA § 33) defines "a common nuisance"; section 22, title 2 (27 USCA § 34) provides for abatement thereof by injunction; and authorizes the padlocking for one year of the property or place so used.

Section 23, title 2 (27 USCA § 35) reads as follows: "Any person who shall, with intent to effect a sale of liquor, by himself, his employee, servant, or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or other conveyance whatever, or leave in a place for another to secure, any liquor, or who shall travel to solicit, or solicit, or take, or accept orders for the sale, shipment, or delivery of liquor in violation of this title is guilty of a nuisance and may be restrained by injunction, temporary or permanent, from doing or continuing to do any of said acts or things. * * *"

Appellant admits that he maintained a nuisance at 815 Vermont avenue, and that following the injunction decrees he sold intoxicating liquor at 725 Seventeenth street and 1636 Connecticut avenue, but contends that there was no evidence that he "ever went about soliciting orders for intoxicating liquor in such a manner as to violate section 23 of the act." Appellant therefore challenges the issuance of the injunction restraining him from "traveling to solicit, soliciting, taking and accepting orders for the sale, shipment and delivery of, and from manufacturing, selling, keeping, and bartering any intoxicating liquor in violation of title II of the National Prohibition Act, either in, on, or upon" premises 815 Vermont avenue "or at any other place or places within the said District of Columbia."

It has been held in the first, second, and third circuits that section 22 relates only to premises or places used in conducting nuisances, and to the persons operating them, in so-called "speakeasies"; while section 23 is aimed at persons with no established places of business, but traveling salesmen, or so-called "bootleggers." Capawana v. United States (C. C. A. 3) 294 F. 153; Davila v. United States (C. C. A. 1) 54 F.(2d) 356; United States v. Fox (C. C. A. 2) 60 F.(2d) 685; United States v. White (C. C. A. 2) 60 F.(2d) 958.

However, the bill of complaint filed September 23, 1931, alleged that since August 19, 1931, appellant and another in and upon premises 815 Vermont avenue, "as well as in other places within said District of Columbia, have been soliciting, taking, and accepting orders for the sale, shipment, and delivery of intoxicating liquor for beverage purposes in violation of the provisions of title 2 of the National Prohibition Act, and particularly in violation of the provisions of section 23 thereof," and that appellant and another "in and upon said premises, and elsewhere within said District of Columbia, are now soliciting, taking, and accepting orders for the sale, shipment and delivery of intoxicating liquor for beverage purposes in violation of the said provisions of law," and are therefore "guilty of a nuisance as defined in and by section 23, of title 2, of the National Prohibition Act"; and the bill averred that unless restrained by injunction appellant and others "will continue, in the future, to solicit, take, and accept orders for the sale, shipment, and delivery of intoxicating liquor for beverage purposes in violation of said provisions of

law, in and upon said premises, as well as elsewhere in said District of Columbia." By failing to answer that bill, though duly served, and by permitting the decree pro confesso to go against him, appellant admitted the allegations of the bill. The trial court therefore had jurisdiction of the parties and of the subject-matter, and consequently had authority under section 23 of the act to enter the decree. The proceeding in contempt under title 2, section 24 of the act (27 USCA § 38) was criminal in its nature. Pino v. United States (C. C. A.) 278 F. 479; McGovern v. United States (C. C. A.) 280 F. 73, certiorari denied 259 U. S. 580, 42 S. Ct. 464, 66 L. Ed. 1073; Donato v. United States (C. C. A.) 48 F.(2d) 142. "Proceedings for civil contempt are * * * instituted and tried as a part of the main cause," but proceedings for "criminal contempt are between the public and the defendant, and are not a part of the original cause." Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 445, 31 S. Ct. 492, 499, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. Appellant, therefore, in this appeal from the contempt proceeding, which was independent of the principal suit to enjoin, is precluded from challenging the correctness of the injunction orders which he disobeyed, for a decree may not be collaterally attacked where the court had jurisdiction of the parties and the subject-matter. Bigelow v. Forrest, 9 Wall. 339, 19 L. Ed. 696; Bryan v. Kennett, 113 U. S. 179, 198, 5 S. Ct. 407, 28 L. Ed. 908; Lewinsohn v. United States (C. C. A.) 278 F. 421. If appellant considered the decree in the injunction proceeding unlawful, his remedy was to appeal therefrom, which he did not do then, and which he cannot do now by collateral attack in the contempt proceeding.

Appellant also contends that the adjudication in contempt was improper because there was no evidence to show that appellant had violated the provisions of section 23 dealing with the traveling salesmen. But this contention misconceives the nature of the contempt proceeding. The terms of the decree disobeyed, constitute the measure employed to determine the alleged contumacy. This decree undertook to restrain appellant from "selling, keeping, and bartering any intoxicating liquor" at 815 Vermont avenue "or at any other place or places within the said District of Columbia." When therefore the nuisance at 815 Vermont avenue had been abated and appellant thereafter at 725 Seventeenth street and 1636 Connecticut avenue sold intoxicating liquor his acts were in disobedience of the injunction decree, and, as such, were contuma-

cious and punishable. The principle involved is stated by Chief Justice Taft in Howat v. Kansas, 258 U. S. 181, 189, 42 S. Ct. 277, 280, 66 L. Ed. 550, as follows: "An injunction duly issuing out of a court of general jurisdiction with equity powers, upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 450, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Toy Toy v. Hopkins, 212 U. S. 542, 548, 29 S. Ct. 416, 53 L. Ed. 644. See, also, United States v. Shipp, 203 U. S. 563, 573, 27 S. Ct. 165, 51 L. Ed. 319, 8 Ann. Cas. 265."

We therefore affirm the order adjudging appellant guilty of contempt.